LEONARD PENNIMAN v. TOWN OF ST. JOHNSBURY.

*Highway, Alteration of.*

1. The trustees of an incorporated village raised the grade of the highway in front of the petitioner's premises by filling with gravel. The selectmen of the town had nothing to do with the filling, though they knew that it was being made. There was no survey and no record of the alteration. The County Court has no power to appoint commissioners to appraise the damages.
2. R. L., ss. 2914, 2916, 2918, 2940—altering highway,—construed.

HEARD at the June Term, 1881, Caledonia County, CHURCH, Assistant Judge, presiding. Petition for the appointment of commissioners to appraise the damages caused by the alteration of a highway. Petition dismissed. The facts are sufficiently stated in the opinion, except the following :

Penniman is the owner of a house and lot on the east side of Main street, in the incorporated village of St. Johnsbury. This house has been built for thirty years or more and the street aforesaid has been graded and traveled for fifty years or more, and the grade of the street has remained the same since the petitioner's house was built up to the time hereinafter referred to, except occasional fills to raise the grade a little from year to year to repair the road.

In the summer of 1880 the trustees of St. Johnsbury village, in accordance with a petition to them directed, signed by certain real estate owners of St. Johnsbury, changed the grade of said Main street opposite the petitioner's building, by filling in about forty-two inches of dirt and gravel. This work was finished in August, 1880, and was done by the highway surveyor ap-

pointed by said trustees under the village charter. In making this fill the slope of the surface was changed so that some of the surface water that used to run into a sewer opening on the west side of Main street, now runs on to the premises of the petitioner, and once since the grading the water has washed out the dirt in front of the building of the petitioner. The tenants of the petitioner, since the grading aforesaid, have been obliged to go down some three feet to enter the doors of their tenements; and the petitioner claims that his real estate is greatly injured, viz., from $250 to $500.

The petitioner also claims that the trustees filled in upon land that belongs to him while doing this grading.

*Elisha May*, for the petitioner.

The petitioner could not proceed against the village. 29 Vt. 254; 41 Vt. 681. The statute impliedly, if not in terms, gives the right contended for. Gen. Sts., c. 24, ss. 44, 66; R. L., s. 297; 33 Vt. 311; 23 Vt. 361; 34 Ohio St. 328; Cooley on Torts, p. 410; 19 Mich. 133; Sedgw. Stat. Law, p. 454.

*Belden & Ide*, for the defendant.

No record of the proceedings was made. The village charter, sec. 4, requires the trustees to record their proceedings in such case in the town clerk's office, in the same manner that selectmen are required to do when changes are made by them. Until such record is caused to be made by selectmen, the highway as newly established or altered, as the case may be, is not under the control of the town, and the land owner may still continue to occupy it and may keep the public off. 3 Vt. 500; 11 Ib. 600; 14 Ib. 279; 19 Ib. 455; Gen. Sts., ss. 20, 23, 30; 23 Ib. 38; 22 Ib. 114. If the officers have neglected their duty in not causing a record to be made, the petitioner's remedy is an action against them for such neglect. *Emerson* v. *Reading*, 14 Vt. 279.

The opinion of the court was delivered by

ROYCE, Ch. J. The petition alleges that in August, 1880, the authorities of St. Johnsbury village and the selectmen of the town of St. Johnsbury altered a certain highway in St. Johnsbury

through and over lands then owned by the petitioner ; that thereby his property was greatly damaged and injured ; that the authorities of said village and said selectmen did not assess any damage to him on account of the making of said alteration, and prays for the appointment of commissioners to appraise his damages.

It appears by the agreed statement of facts that the only alteration of the highway that was made, was by raising the grade across the premises of the petitioner, and that the damages that he sustained were consequent upon such raising of the grade ; that the selectmen of St. Johnsbury were not consulted, and never took any action in relation to the matter of changing said grade, although they knew it was being done, and did nothing about it ; that no survey or record of said change of grade was ever made in the town clerk's office ; that what was done in the changing the grade was done by, or under the direction of, the trustees of the village of St. Johnsbury ; and said village paid the expense of doing it.

Had the County Court jurisdiction to appoint commissioners to ascertain and report the amount of damages that the petitioner sustained, upon the foregoing statement of facts ?   The power of the court to appoint commissioners is conferred by the statutes of the State ; no such right exists at common law.   It is provided by sec. 2914, R. L., that the selectmen may alter highways ; and by sec. 2916, that where highways have been laid out of less width than the law or public convenience requires, that they may lay them out and open them wider.   By sec. 2918 they are required, when a highway has been laid out or altered by them, to cause a survey thereof to be made ; and by sec. 2924 to return such survey to the town clerk's office to be kept on file therein ; and their order laying out or altering a highway, with the survey, is required to be recorded by the clerk.

Until all those requirements are observed there can be no highway laid out or altered, through the agency of the selectmen, so as to divest the land-owner of his right of control and possession, or that will obligate the town to pay him for damages sustained.

If the County Court had any power to appoint commissioners, it must be by virtue of sec. 2940, R. L.   That gives the court

power to appoint where a road has been altered by selectmen. The exhibition of passive indifference by the selectmen while the grade was being changed falls far short of effecting such a legal alteration of the highway as would be binding upon the town.

It is unnecessary in disposing of the motion to dismiss to decide whether such a change in the grade as was made would entitle the land-owner to additional compensation or not. If such change would be regarded as an alteration there was no such alteration made by the selectmen as gives the petitioner the right to demand the appointment of commissioners.

We have thought it was for the interest of the parties that this case should be considered and disposed of upon its merits. Hence we have not given any attention to the other questions that were raised by the motion. The damage which the petitioner has sustained as the result of raising the grade, has been urged as a reason why the court should have entertained and granted the prayer of the petition. Where the court have no doubt as to the law such considerations are not to be weighed. It is the duty of the court to declare, and not make the law. If there is a defect in the law, it is not for the court to supply the defect ; or to supply an omission in a statute, by judicial legislation under the pretence of construction.

The judgment is affirmed.