## WILLIAM R. DURKEE v. SAMUEL P. DURKEE.

### [In Chancery.]

*Specific Performance. Fraud. Adoption of Heir. Ignorance of Facts. Remedy at Law.*

1. The orator brought his bill for specific performance of a contract by which it was claimed that the defendant agreed to adopt him as his heir-at-law, and that thereby he was fraudulently induced to work several years for him; and failing to prove both the contract and the fraud, *it was held* that he could not recover for his services on the ground that he acted in ignorance of the facts, as he was guilty of culpable negligence in not knowing that the defendant had not adopted him, when, by due diligence and inquiry he could easily have learned that fact.

2. Nor can the orator recover on the claims arising out of the lease of the farm, as he has an ample remedy at law.

BILL IN CHANCERY. Heard on the pleadings and the report of a special master, March Term, 1886, Washington County,

Durkee *v.* Durkee.

Powers, Chancellor. Bill dismissed. The bill alleged that the orator, when between five and six years of age, with his young sister, who afterwards deceased, went about the year 1860 to reside with the defendant and his wife, as their children, under an agreement that they would adopt them as heirs-at-law ; that defendant had no children of his own ; that in 1862 the defendant procured an act of the legislature changing the names of the orator and his sister from Robinson to Durkee, and making them heirs-at-law of himself and his wife, by which name the orator has ever since been known and called ; that said act of adoption was not to take effect until assented to in writing by the defendant and his wife, Lurancy Durkee, which writing was to be recorded in the town clerk's office ; that said Lurancy died in 1880, possessed in her own right of about $2,000 ; that the orator was obedient to the defendant, and the value of his services exceeded the expense of his maintenance by several hundred dollars ; that the orator believed until long after he was twenty-one years of age that he was defendant's heir ; that defendant purposely omitted to assent to said act of the legislature, and that orator believes that he never intended to adopt him ; that if the defendant had complied with the act of the legislature the said $2,000 owned by said Lurancy would have gone to the orator ; that orator went into possession of defendant's farm under a contract which was very beneficial to orator, which the defendant broke and compelled the orator to abandon in July, 1881. The prayer was, that the court order the defendant to perform his said contract, and make the petitioner the heir-at-law of defendant and his wife ; that defendant be restrained by injunction from alienating or incumbering his property, so that at his death it will come to the petitioner ; or that an accounting may be taken of the services of the petitioner under the contract ; that the defendant pay to the petitioner such portion out of the estate of said Lurancy as would have belonged to him if he had been legally adopted.

The master found that the defendant, in 1861, took the

orator, who was at that time about six years old, and his sister ; that defendant requested Hon. L. G. Hinckley, during the, session of the legislature of 1862, to procure the passage of a law changing the names of the orator and his sister, and constituting them heirs-at-law of the defendant and his wife. An act was passed and approved by the governor in November, 1862. The first section of the act changed the names of the two children from Robinson to Durkee, and constituted them heirs-at-law of the defendant and his wife Lurancy. The second section provided that the act should not take effect until the defendant and his wife "shall make their assent to the same in writing under their own hands, in the presence of two witnesses, and the same acknowledged before a justice of the peace, and cause the same to be recorded in the town clerk's office in said Chelsea."

The section requiring the assent of the defendant and his wife was incorporated into the bill by Mr. Hinckley as a matter of form only.

The master failed to find that the defendant or his wife ever signed any paper giving their assent to the said act of the legislature ; but found that the orator continued to live with the defendant and was treated as a son ; that he gave defendant and his wife the respect and affection of a son, supposing that he was their adopted son, until long after he was twenty-one. It was also found that the orator saw the act of the legislature in 1872 ; that in October, 1880, he moved on to the defendant's farm, under an arrangement that he should carry it on and have all that he could make, and board the defendant ; that this arrangement continued till July, 1881, when the orator was compelled to leave the farm by reason of defendant's action— violation of the contract ; that said Lurancy held at the time of her death in her own right property to the amount of about $1,000 ; "that the orator was induced to and did believe until June, 1881, that he was the adopted son and heir-at-law of the defendant and his wife, Lurancy, and that their treatment and actions towards him warranted that belief."

Durkee *v.* Durkee.

It was further found that the defendant, after he was twenty-one, worked to a considerable amount in value for the defendant, for which he has never received pay, but worked like other children without expectation of pay, but would not have done so if he had not supposed he was defendant's adopted son.

*E. W. Bisbee* and *J. A. Wing*, for the orator.

The orator could not sustain an action at law, the defendant standing *in loco parentis*, without proving an agreement to pay. *Sprague* v. *Waldo*, 38 Vt. 141 ; *Davis* v. *Goodenow*, 27 Vt. 715 ; *Lunay* v. *Vantyne*, 40 Vt. 501 ; *Andrews* v. *Foster*, 17 Vt. 556. The court on the facts found has jurisdiction; and should decree specific performance. But if the court will not so decree, it should retain the case to save the expense of further litigation. *Dana* v. *Nelson*, 1 Aik. 252 ; *Beardsley* v. *Knight*, 10 Vt. 278 ; *Sanborn* v. *Kitridge*, 20 Vt. 632 ; *Balls* v. *Shepard*, Wash. Co. Sup. Ct. May Term, 1883 (not reported).

*Heath & Willard*, for the defendant.

No contract is found to be enforced. But if there had been a contract of this kind the court would not decree specific performance. *Sainsbury* v. *Jones*, 2 Beav. 462. As to the farm trade, the orator had an adequate remedy at law. *Currier* v. *Rosebrooks*, 43 Vt. 34 ; *Cilley* v. *Tenney*, 31 Vt. 401 ; *Aiken* v. *Smith*, 21 Vt. 172 ; *La Point* v. *Scott*, 36 Vt. 603. There can be no recovery on the ground of mistake. *McDaniels* v. *Bank*, 29 Vt. 230 ; Story Eq. Jur. s. 146.

The opinion of the court was delivered by

TAFT, J. The contract alleged in the bill is not shown by the master's report to have been made, consequently there can be no decree for a specific performance ; neither does the report show that the conduct of the defendant was fraudulent. The master states that the " orator was induced to and did believe

until June, 1881, that he was the adopted son and heir-at-law of the defendant and his wife," but *by whom* he was so induced to believe, the report does not show; the master not finding that fact upon the evidence, the court cannot say, as matter of law, that it was by the defendant. No contract by the defendant being shown, and no fraud on his part proven, the orator still insists that he is entitled to relief, upon the ground that he remained with the defendant and labored for him several years in ignorance of the fact that he was not his adopted son and heir-at-law. Whether he was such son and heir-at-law was a fact which he could easily have ascertained. He knew of the act of the legislature as early as the year 1872, and he could at any time have learned by inquiry at the town clerk's office whether the defendant had ever assented thereto, which was the requisite to its validity. When a party has acted in ignorance of facts merely, courts of equity will never afford relief where actual knowledge could have been obtained by the exercise of due diligence and inquiry. To relieve a party under such circumstances would be to encourage culpable negligence. Willard Eq. Jur. 70 ; Story Eq. Jur. sec. 146 and note ; *McDaniels* v. *Bank*, 29 Vt. 230 ; Smith's Man. of Eq. chap. 2, sec. 1. By this rule he is not entitled to relief. No question of evidence was reserved. If the orator has any claims against the defendant arising out of the lease of the farm, he has an ample remedy at law.

Decree affirmed and cause remanded.