CHILSON C. FAIRBANK et al. *v.* TOWN OF ROCKINGHAM.

January Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed March 6, 1901.

*Reappraisal of damages from the grading of a highway—Landowner's loss of right to secure a reappraisal under V. S. 3360*—The remedy given by V. S. 3360 to a landowner dissatisfied with the appraisal by selectmen of his damages from the grading of a highway, is lost, if a petition to a justice who may act in the premises is not preferred within the sixty days limited by the statute.

*Reappraisal of damages from the grading of a highway—If landowner's right to secure a reappraisal under V. S. 3360 is lost he is without remedy at law*—A landowner dissatisfied with the appraisal by selectmen of his damages from the grading of a highway, who has without fault on his part lost the remedy given by V. S. 3360 through a petition to a justice, cannot obtain relief under V. S. 1667 nor under V. S. 3376, and is without remedy at law.

*Reappraisal of damages from the grading of a highway—Landowner, who without fault has lost his statutory right to a reappraisal, is entitled to equitable relief*—Landowners in the defendant town, being dissatisfied with the selectmen's appraisal of damages from the grading of a highway, preferred their petition to a justice of the county who was a taxpayer of the defendant town, and on the ground of this disqualification of the justice the petition was dismissed on a motion filed after it was too late under the statute to prefer another petition. The justice, who was a non-resident of the defendant town, and who, as the petitioner's attorney knew, was of long experience as a justice, was asked by such attorney before the petition was preferred if he knew of any reason why he was not qualified to act in the matter and replied that he did not. The attorney relied upon this answer and made no further inquiry, and the petitioner had no knowledge of the disqualification of the justice until it was too late to apply to another. Held that the petitioners through their attorney exercised the care and prudence that a careful man would exercise in like circumstances, and so were without fault, and that, being without remedy at law, they were entitled to equitable relief.

PETITION in Chancery. Heard on demurrer to the petition, Windham County, September Term, 1900, *Watson,* Chancellor. A decree was rendered overruling the demurrer. The defendant appealed.

For the mandamus case referred to in the opinion see 72 Vt. 419.

*Charles H. Robb* and *L. M. Read* for the petitioners.

*C. H. Williams* and *Bolles & Bolles* for the defendant.

TYLER, J. The case is heard on demurrer to the petition. The petitioners owned certain lands situated in the village of Bellows Falls in the town of Rockingham occupied by them respectively as residences, and they claim to have sustained great damage thereto by the cutting down and grading of the streets upon which said lands abutted, which was done by order of the selectmen of said town for the convenience of the Bellows Falls & Saxton's River Street Railroad Co. The selectmen upon hearing awarded certain damages to the petitioners which the latter deemed insufficient, whereupon within sixty days of the filing of the selectmen's report, feeling themselves aggrieved by the award, they preferred their petition to Henry C. Lane, a justice of the peace of the county and a resident of an adjoining town, setting forth the action of the selectmen in the premises and praying for the appointment of commissioners pursuant to V. S. 3360, to re-appraise the damages sustained by them and make report as required by law; that said justice upon due notice summoned the selectmen to appear before him and show cause, if any they had, why the prayer of the petitioners should not be granted; that the selectmen and the petitioners appeared by their counsel when the defendant moved to dismiss the petition upon the ground that the justice was a tax payer in defendant town; that the justice continued the hearing upon the motion, from time to time, and finally dismissed the petition on account of his disqualification.

The petitioners admit that the justice was a tax payer in Rockingham when the petition was filed, but allege that this fact was unknown to them until after the expiration of sixty days from the filing of the report.

The petitioners allege that before preferring their petition to the justice their attorney inquired of him whether he knew of any reason why he was not qualified to act in the matter, to which he replied that he knew of no reason; that the attorney was aware that Mr. Lane had had long experience as a justice, relied upon his answer and made no further inquiry in respect to his qualification; that the petitioners brought a petition to this court praying for a writ of mandamus to command the justice to proceed to appoint commissioners, which petition was dismissed for want of jurisdiction in the justice.

The section of the statute under which the petition was brought is as follows:

"If any such owner is dissatisfied with the amount of damages awarded, or with the refusal to award damages, he may petition in writing a justice of the county residing in an adjoining town, for the appointment of commissioners to appraise such damages, and any number of such owners thus dissatisfied, may join in such petition. Such petition shall be made to such justice within sixty days after such selectmen's awards and refusal to award damages have been recorded in such town clerk's office; but such petition shall not delay the making such alteration in such road-bed."

It appears that the sixty days within which the petitioners might apply to a justice had expired when justice Lane dismissed the petition, and when the motion to dismiss it was filed, therefore their remedy under that provision of the statute was exhausted.

V. S. 1667 relates only to cases where a justice renders judgment in an action by default, and the defendant is by fraud,

accident or mistake prevented from appearing, or is unjustly deprived of a hearing upon the assessment of damages in such action, therefore that section has no application to this case. Sec. 3376 applies to cases of laying out highways and where the land owners have been prevented from having a fair trial before commissioners, in which case they may apply to the county court for the appointment of commissioners within sixty days from the time the highway is open for travel; so that section has no application here.

The only question then is whether the petitioners are entitled to equitable relief. Their petition to the Court of Chancery is based upon the fact that justice Lane was disqualified and that his disqualification was not discovered by the petitioners until it was too late to apply to another justice, so that they lost their opportunity for a re-appraisal of damages under any proceeding at law.

To entitle the petitioners to relief it must appear that they were not in fault. The rule laid down in *Burton* v. *Wiley*, 26 Vt. 430, is that a party must have failed in obtaining redress in the suit at law by the fraud of the opposite party, or by inevitable accident or mistake, without any default either of the party or his counsel, and this is defined to be not "wilful fault, but such want of care, diligence, and prudence as is required in the ordinary business of life." Sto. Eq. Jur. s. 105 says, "A party coming into a court of equity is bound to show that his title to relief is unmixed with any gross misconduct for negligence of himself or his agents." The real test is whether the petitioners' attorney exercised the care and prudence that a careful and prudent man would exercise in like circumstances in not ascertaining by direct inquiry of the justice, or by other means, that the justice was a tax payer in Rockingham.

In *Rutland* v. *Pierpoint et al.*, 61 Vt. 306, the plaintiff's selectmen laid a highway across certain land and awarded all

the damages to defendant Pierpoint, supposing that he was the sole owner for the reason that he had the possession and general management of the land and appeared before them to claim damages.   There was no misrepresentation by the defendant, who supposed that the award was for his interest only.   The selectmen could have ascertained the real state of the title by examining the town records, yet it was held that the award should be corrected and applied to the several owners.

In this case the petitioners' attorney had an interview with the justice, asked him the direct question above stated and received an answer upon which he might rely in view of the justice's long experience.   The case is unlike *Hyde* v. *Hyde,* 50 Vt. 301, where the orator omitted to read the copy of the bill that was served upon him and acquaint himself with the nature of the proceedings and sought relief from the result of his own negligence.   In *Durkee* v. *Durkee,* 59 Vt. 70, the orator remained in the defendant's employment without compensation under an erroneous belief, without defendant's fault, that he had been adopted as the defendant's lawful heir, when he might have learned the contrary by inquiry; held, that he was entitled to no relief.   But here the attorney made inquiry of the justice, who should have known whether or not he was qualified to act, and received an answer calculated to mislead the attorney and reasonably cause him to omit further inquiry.

*We think the petitioner is clearly entitled to equitable relief; therefore the decree is affirmed and cause remanded with mandate that it be proceeded with in the Court of Chancery by reference of the question of damages to a master or masters to be therein appointed who shall make report to that court.*