CHILSON C. FAIRBANKS, et al. *v.* TOWN OF ROCKINGHAM.

January Term, 1903.

Present: MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed February 25, 1903.

*Highways—Change of grade—Damages—V. S. 3358.*

A change in the grade of a highway entitles an abutting owner to damages only when it exceeds three feet, and then only for the injury caused by such excess.

APPEAL IN CHANCERY.    Heard on the report of a special master and the defendant's exception thereto, at the September Term, 1902, Windham County, *Tyler,* Chancellor.    Defendant's exception overruled, and decree for certain of the orators for the damages caused by the change of grade in the highway in question in excess of three feet.    The orators appealed. The defendant appealed on the question of the master's jurisdiction.

*H. D. Ryder* and *Clarke C. Fitts* for the orators.

The jurisdiction of this Court was settled by the decision in this case as reported in 73 Vt. 124; and this decision will not be disturbed.    *Sherman* v. *Organ Co.,* 69 Vt. 355.

The orators should be allowed damages for the first three feet of change in the grade of the highway.    V. S. 3358.    The statute should be construed liberally to the abutter.    *McElroy* v. *Kansas City,* 21 Fed. Rep. 257; *Nashville* v. *Nicoll,* 3 Baxter (Tenn.) 338; Note to *O'Brien* v. *Philadelphia,* 30 Am. St. Rep. 832.

*C. H. Williams* and *Bolles & Bolles* for the defendant.

The town had the right to change the grade of this highway to the extent of three feet; the chancellor limited the orators' recovery to damages caused by the change in excess of three feet; this Court should affirm such decree as being an equitable adjustment based upon the master's report.

HASELTON, J. This case has once before been in this Court, and the jurisdiction of the Court of Chancery, arising from special facts, was then determined. See this case, 73 Vt. 124, 50 Atl. 802.

The only question now before the Court is as to the construction of the phrase "such alteration" as used in V. S. 3358, relating to the grading of highways. That section and the preceding one read as follows:

"Sec. 3357. A selectman or road commissioner shall not alter a highway, by cutting down or raising the road-bed in front of a dwelling house or other building standing upon the line of said highway, more than three feet, without first giving notice to the owners thereof, of a time when the selectmen will examine the premises, hear them upon the question of making such alteration and damages by reason of such alteration, at which time the selectmen shall attend and hear such owners, if they desire to be heard.

Sec. 3358. If the selectmen are of opinion that the public good, or the necessity or convenience of individuals requires that such road-bed be altered by lowering or raising the same more than three feet, they may order such alteration to be made, and if they are of opinion that such owners will sustain damage by reason of such alteration they shall determine and award the amount thereof to the owners respectively, taking into account, by way of offset thereto, such special benefit, if any, to such owners as shall accrue to them by reason of such alteration."

It may be observed that an alteration of a highway implies, as a general rule, a change in the course or width of the highway. A mere change in the grade of the road-bed is not ordinarily regarded as an alteration. *Harrison* v. *Milwaukee,* 51 Wis. 645; *Bigelow* v. *Worcester,* 169 Mass. 390, 48 N. E. 1; *Callendar* v. *Marsh,* 1 Pick. 415. This rule seems to have been recognized in this State in *Phelps* v. *Gilman,* 22 Vt. 38, and in *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114, 52 Am. Dec. 84.

In 1881, the case of *Penniman* v. *Town of St. Johnsbury,* 54 Vt. 306, was before this Court. The trustees of the village of St. Johnsbury had, to the extent of about three feet and six inches, raised the grade of a highway opposite Penniman's house, and Penniman petitioned the County Court to appoint commissioners to appraise damages. The case was, however, disposed of on grounds which did not touch the question whether this change of grade constituted an alteration of the highway. On this point the Court say: "It is unnecessary * * to decide whether such a change in the grade as was made would entitle the landowner to additional compensation or not. If such a change would be regarded as an alteration, there was no such alteration made by the selectmen as gives the petitioner the right to demand the appointment of commissioners." Thereafter, in 1884, the statute in question was enacted, and it is evident that, so far as concerns the grade of a highway opposite a building standing thereon, a change of not more than three feet is regarded by the statute as in the nature of ordinary highway repairs, and not as an alteration of the highway; and that, in the changing of such grade, an alteration in the sense of the statute begins when and only when, the lowering or raising of a road-bed exceeds three feet. To hold otherwise would be to depart from familiar and salutary rules applicable to the construction of statutes.

The statute in question read in connection with the highway law as a whole does not require or warrant a holding to the effect that, where the road-bed of a highway opposite a building is raised or lowered three feet and no more, an abutting owner is entitled to no compensation, and that where the grade of the road-bed is changed, say three feet and one inch, an abutting owner is entitled to compensation for damages resulting from the entire change of grade. Damages, in such circumstances, resulting from a change of grade to the extent of three feet, are to be treated as having been taken into consideration in fixing the compensation allowed to abutting owners upon the original laying out of the highway. A change of grade to the extent of three feet, made for the improvement of a highway, is considered to be made in the exercise of a public right already acquired and paid for.

*Decree affirmed, and cause remanded.*