In Equity.

RANDALL D. BIBBER *vs.* EDWARD E. CARVILLE.

Sagadahoc.    Opinion December 28, 1905.

*Contracts.   Rescission.   Mistake.   Cancellation.   Relief Against Mistakes.*

A court in equity may decree the rescission of a contract for a mistake which is unilateral, but the power should not be exercised against a party whose conduct has in no way contributed to or induced the mistake, and who will obtain no unconscionable advantage thereby.

If a grantor gives a warranty deed of land which he does not own, under the mistaken belief that he has title thereto, the deed will not be cancelled when no fraud, falsehood, misrepresentation or concealment on the part of the grantor is alleged.

Equity does not relieve against mistakes which ordinary care would have prevented.   Conscience, good faith and reasonable diligence are necessary to call the powers of a court of equity into activity.

In equity.   On exceptions by plaintiff.   Overruled.

Bill in equity wherein the plaintiff prayed that a certain deed of warranty made, executed and delivered by him to the defendant might be cancelled, alleging that by a mistake on his part, arising from his ignorance of certain facts, he had included in such deed certain land to which he had no title at the time he gave the deed. Plaintiff also alleged that the defendant had begun an action at law against him for breach of a covenant in said deed claiming damages in the sum of one thousand dollars, and asked that injunctions, both temporary and perpetual, be issued against the defendant to restrain

him from further prosecuting his action at law. Defendant demurred to the bill. The demurrer was sustained by the Justice of the first instance. Plaintiff then took exceptions.

The case appears in the opinion.

*Frank E. Southard,* for plaintiff.

*Rufus F. Springer,* for defendant.

SITTING: EMERY, STROUT, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Exceptions to a decree sustaining a demurrer to the plaintiff's bill and dismissing the bill with costs.

. In substance the bill alleges that Denham Hall, being the owner of a lot of land in Bowdoin containing about one hundred acres mortgaged the same to James M. Hall in 1866 and to one Bibber in 1870. In 1880 James M. Hall assigned the mortgage to Bibber, who in 1888 foreclosed the mortgage given to him and the foreclosure became absolute. Bibber died in 1897, leaving as his sole heir at law the plaintiff, who in 1902 conveyed the premises to the defendant by warranty deed. At the time he gave the deed, the plaintiff believed that he had full title to the premises, but being afterwards notified by the defendant that such was not the case, he investigated the matter in the registry of deeds, and found by the records therein that Bibber and Denham Hall, the mortgagor, in 1873 conveyed about twenty-five acres of the premises to one Cox, who, the plaintiff alleges he is informed and believes, has ever since claimed to be in possession thereof. Thereupon the plaintiff offered to return the consideration and asked the defendant to reconvey. The defendant declined to accept the money or reconvey, and brought suit for covenant broken, which is now pending in court. Plaintiff in his bill further offers to pay back the consideration received from the defendant and also such other sum, if any, as justice and equity may require; and prays that the deed to the defendant may be cancelled and for an injunction against the prosecution of said suit.

Does the plaintiff present a case for equitable relief? No fraud, falsehood, misrepresentation or concealment on the part of the defendant, the grantee, is alleged. There was no mistake as to the terms

of the deed. It expressed precisely what the parties intended. There was a mistake on the plaintiff's part as to the title, resulting in the not uncommon case of a man giving a warranty deed of land which he does not own. Our attention has been called to no case where under the circumstances such as are here alleged a deed has been cancelled on the prayer of the grantor.

" Defects in the title do not entitle the grantor to a rescission of the conveyance." 8 A. & E. Ency. L. 2 Ed. 222. We see no reason why the grantee, who acted in good faith, is not entitled in good conscience to retain the benefit of the contract which he made. The grantor, who received the full price he set upon the property, has no equitable right to deprive him of it simply because he was mistaken as to his title and is liable upon his covenants. While a court of equity may decree the rescission of a contract for a mistake which is unilateral, the power should not be exercised against a party whose conduct has in no way contributed to or induced the mistake, and who will obtain no unconscionable advantage thereby.

There is another reason why the plaintiff cannot prevail. Equity assists only the vigilant. It does not relieve against mistakes which ordinary care would have prevented. Conscience, good faith and reasonable diligence are necessary to call a court of equity into activity. *Bonney* v. *Stoughton*, 122 Ill. 536. The plaintiff claimed title as heir at law of Bibber. The true state of the title appeared on record. He does not allege that before the conveyance he ever examined the records to ascertain what title at the time of his decease Bibber had to the premises. After the conveyance he examined the records and found that Hall, the mortgagor, and Bibber, the mortgagee, had united in conveying a part of the premises to Cox, who, the plaintiff says he is informed and believes has ever since, for more than thirty years, claimed to be in possession of the part so conveyed. The same investigation before he gave his deed would have revealed to the plaintiff the extent of his title and corrected his mistake. The bill alleges no reason whatever for the mistaken belief which he entertained. We cannot think it reasonable diligence for a man to assume, without examination of the records, that as heir at law he has a perfect title to land conveyed to the intestate twenty-seven

years before his decease, and of which it is not claimed he ever had possession. "When a party has acted in ignorance of facts merely, courts of equity will never afford relief when actual knowledge would have been obtained by the exercise of due diligence and inquiry." *McDaniels* v. *Bank,* 29 Vermont, 231. To relieve a party under such circumstances would be to encourage culpable negligence. *Durkee* v. *Durkee,* 59 Vt. 70. In that case an examination of the records in the town clerk's office would have given the complainant the information. To the same effect is *Deare* v. *Carr et al.,* 3 N. J. Eq. 513. In a later case *Graham* v. *Berryman,* 19 N. J. Eq. 29, the same court thus states the principle: "When a party ought in the exercise of ordinary prudence to have made inquiry, and neglects to ascertain the facts upon which his contract is based, in cases where it is not necessary to repose confidence in the other party, or where it is as much his duty as that of the other party with whom he deals to know the facts, courts of equity will not relieve against his own negligence."

In conclusion it is to be noted that this is not a case where a court of equity is asked to reform a deed which, on account of mutual mistake, does not represent the intention of the parties. In this case the court is asked to cancel a deed which expressed just what the plaintiff intended it should. The mistake was unilateral, on the part of the grantor alone, induced by no fraud, falsehood, misrepresentation or concealment of the grantee, relating to the grantor's own title, the true state of which ordinary care and diligence on his part would have revealed to him. It does not appear that the grantor will obtain an unconscionable advantage by the deed or that he will not be fairly compensated for his liability on his covenants by the purchase money which the grantee paid him. Under these circumstances equity will not interfere to cancel the deed and deprive the grantee of the benefit of a contract fairly made.

*Exceptions overruled.*