WILLIAM HOYT AND MARY HOYT *v.* VILLAGE OF NORTH TROY.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 19, 1918.

*Municipal Corporations—Change in Grade of Highway—Abutting Owner—Damages—G. L. 4457—Change of Three Feet or Less—Alterations—"Taking" of Property.*

In the absence of some statutory or constitutional provision, a change in the grade of a highway made by municipal authorities does not entitle the adjoining proprietor to damages.

Under G. L. 4457, a change in the grade of a highway of three feet or less is a matter of repairs and not of alteration.

G. L. 4457 does not apply to the acts of successive officers, and one ordinary repair cannot be added to another and make the result an alteration; but, to establish liability under the statute, the changes complained of must have been made at one time, or according to a fixed plan.

The action of municipal authorities in raising the grade of a street from time to time does not constitute an unlawful "taking" of private property within the meaning of our constitutional provisions.

ACTION OF TORT, for raising a highway in front of plaintiffs' house more than three feet without first having the damages assessed according to law. Trial by jury at the September Term, 1917, Orleans County, *Butler*, J., presiding. At the close of plaintiffs' evidence defendant moved for a directed verdict. Verdict directed for the defendant, and judgment thereon. The plaintiffs excepted. The opinion states the case.

*Harry A. Black* and *Frank S. Rogers* for the plaintiffs.

*O. S. Annis* and *E. A. Cook* for the defendant.

POWERS, J. The plaintiffs seek to recover damages resulting from the action of the defendant in raising the grade of the

street in front of their dwelling. The evidence tended to show that the defendant had, from time to time, filled in the street in question until in the aggregate it had been raised more than three feet, and that no proceedings for a hearing and assessment of damages had been had. But it was not shown that this highway had been raised more than three feet at any one time, or at various times pursuant to a definite plan. In these circumstances, no cause of action was established and a verdict was properly ordered for the defendant.

In the absence of some statutory or constitutional provision, a change in the grade of a highway made by municipal authority does not entitle an adjoining proprietor to damages. 37 Cyc. 240; Note to *Sheehy* v. *Kansas City Cable Ry. Co.,* (Mo.) 4 Am. St. Rep. 401; *Penniman* v. *St. Johnsbury,* 54 Vt. 306. The case before us must stand or fall under the provisions of P. S. 3878 (G. L. 4457) properly construed. It is to be noticed that the language of this section does not import a general prohibition against a change in grade of more than three feet without notice and hearing, but restrains such action on the part of a selectman or road commissioner—thereby implying with more or less force that it does not apply to the acts of successive officers. It is further to be observed that the prohibition is limited to an "alteration" of the highway by changing the grade. Accordingly, it was held in *Fairbanks* v. *Rockingham,* 75 Vt. 221, 54 Atl. 186, and in effect reaffirmed in *Collins* v. *Barre,* 91 Vt. 343, 101 Atl. 43, that a change in the grade of three feet or less is, under the statute, a matter of repairs and not of alteration. In conformity with this view of the law and in accordance with what we regard as the true spirit of the statute, we now hold that one ordinary repair cannot be added to another ordinary repair and make the result an alteration under the statute; and that in order to establish liability in such a case, it must be shown that the change or changes complained of were made at one time, or according to a fixed plan. In *Collins* v. *Barre, supra,* much relied upon by the plaintiffs, the change was made at one time and according to a fixed plan.

It is suggested that the case shows an unlawful "taking" of the plaintiffs' property within the meaning of our constitutional provisions. But this is not so. The "taking" was done when the highway was established, and compensation for damages incident to repairs was included in the sum then awarded. *Fair-*

*banks* v. *Rockingham, supra; Smith* v. *City of Eau Claire,* 78
Wis. 457, 47 N. W. 830; *Kokomo* v. *Mahan,* 100 Ind. 242;
*Northern Trans. Co.* v. *Chicago,* 99 U. S. 635, 25 L. ed. 336.

*Judgment affirmed.*