# Wytheville.

## LIZZIE D. WILLIAMS v. JOHN D. GORDAN, ET ALS.

June 12, 1930.

Absent, Campbell and Epes, JJ.

Rehearing denied September 11, 1930.

The opinion states the case.

*Tazewell Taylor*, for the appellant.

*N. T. Green*, for the appellees.

HOLT, J., delivered the opinion of the court.

This cause deals with the right to close an alley or walkway along the north side of Lot 7 in Block 19, extending from Atlantic avenue to Atlantic boulevard, in the town of Virginia Beach. For convenience, reference will be made to a plat showing its location here copied into this opinion.

Complainants, John D. Gordan and Charles G. Hume, were and are dealers in real estate who do business in Norfolk and Princess Anne county. In 1910, they were the owners of certain lots at Virginia Beach in what is known as blocks 32 and 41, fronting on Nineteenth street near its terminus on Atlantic avenue.

By deed of date August 10, 1910, duly recorded, Miss Lutie P. Blow, who then owned this lot 7, for the sum of $200.00 conveyed to Gordan and Hume the strip of land in question, which is four feet wide, lying along the northern edge of the lot, and extending, as we have seen, from Atlantic avenue to Atlantic boulevard. In her deed she reserves the right "of herself and her assigns to overhang the said parcel of land with blinds from the first story of the building now upon lot No. 7 in square No. 19, and also overhang same with bay windows or porches from the second story of the present building or any to be erected upon said lot."

The defendant, Lizzie D. Williams, owned lot 6 adjoining the Blow lot on the north. On May 1, 1918, she purchased from Lutie P. Blow lot 7, and so became the fee simple owner of these two lots with the exception of the four-foot strip sold to Gordan and Hume which divided them. In it she held an easement but not the fee. Afterwards, Gordan and Hume sold lots in blocks 32 and 41, now held mediately or immediately by Alice White, Sarah C. P. Jackson, Elizabeth M. Patch, Emma H. Dawson, Russell S. Dawson, Alice H. White, Willoughby T. Cooke and S. Camp Ashburn, all of whom took under deed executed between the date of the Gordan and Hume purchase in 1910 and of the Williams purchase in 1918, except Dawson, whose grantors derived title by deed of September 27, 1919. These owners were made defendants in the bill filed by

Gordan and Hume in May, 1927. By decree of March 24, 1928, they were, on their motion, made co-plaintiff. This was after plaintiff's evidence had been concluded.

Gordan and Hume took steps looking to the dedication of this walkway as a public alley. There was some hitch in the proceedings. They were not pressed and nothing was done. The defendant, however, was under the impression that this dedication had been accomplished, and undertook to have the walkway shifted from the northern edge of lot 7 to its southern side, that her holdings might not be divided and obtained the consent in writing of these lot owners to this change. She then took the matter up with the town, but found that she was in error in thinking there had been a previous dedication. The town had no interest in this strip, and here also the matter was dropped. She thereupon approached Gordan and Hume, record title holders, with the same proposition, but was told that they were not interested. They did offer to sell for $1,000.00 which was more than she was willing to pay. About a month later Mr. J. Rixey, as counsel for Mrs. Williams, called upon Mr. Gordan to see if any arrangements could be made for purchase satisfactory to his client. Mr. Gordan suggested that a price be fixed by arbitrators or appraisers. Mr. Rixey thought that it could be done provided Mrs. Williams was given the right to reject or accept the valuation so fixed. This proviso Mr. Gordan was not willing to agree to and there the matter rested for the time being. About two weeks later Mr. J. Rixey examined the Princess Anne county records to find out exactly what easements, if any, these Nineteenth street lot owners had, and ascertained that they had none except what appeared in a deed from Gordan and Hume to Harris,

which conveyed the southern 140 feet of lots 11 and 13 in block 41. In that deed is this provision:

"The parties of the first part agree to lay a granolithic walkway along the western side of Atlantic avenue from the one ending at Mrs. Shield's cottage to the northernmost point of the land recently purchased by Mrs. Virginia Gatewood, and also to lay a granolithic walkway from the bluff on the ocean front on Atlantic boulevard, westwardly back to the above described walkway."

These lots in block 41 Mrs. Williams now owns.

Mr. Rixey communicated the results of his investigation to Mrs. Williams, who directed him to again see Mr. Gordan and to accept his proposition. Mr. Rixey called Mr. Gordan over the 'phone and advised him that his client was then ready to accept. Mr. Gordan replied that he did not wish to have any verbal understanding with Mrs. Williams, but wanted an agreement in black and white, and that he would draw it and would attach to it a copy of the particular deed which he was willing to execute. Mr. Gordan did draw the agreement of arbitration and did attach to it the deed which was afterwards executed. The agreement bears date April 29, 1926. Arbitrators were appointed and ascertained and fixed the price to be paid at $633.33. The price so fixed was paid and a deed was executed which contains this stipulation, and which is the only reservation there appearing:

"This conveyance is made subject to all easements contained in said deed and all easements granted by the parties of the first part to the purchasers of lots in the two blocks on the plat of the Virginia Beach property, in the rear of this property, to use said strip as a lane, reference being hereby made to all deeds executed by

the parties of the first part, duly recorded in the afore-said clerk's office, for the particular terms of said easement."

This recitation follows: "Subject to the above easements, the parties of the first part covenant * * * " and then follow the usual English covenants of title.

In April, 1927, Mrs. Williams closed this lane and on the May following this suit was instituted. It was brought by Gordan and Hume, who, in their bill, say that the lot owners were threatening to hold them responsible unless they secured for them that right to use the walkway which they had theretofore exercised. Plaintiffs ask that the deed from them to the defendant be reformed to conform to the intentions of the parties, that a mutual mistake be corrected, or that it be set aside as fraudulent; and finally, as a third possible relief, they pray that Mrs. Williams be requested to hold the lot as a purchaser with notice and to grant to the present plaintiffs the right to use it.

The court, in its decree, directed that the deed be rescinded, and that Mrs. Williams execute to Gordan and Hume a proper deed of reconveyance with special warranty of title upon the repayment by them to her of the $633.33.

We do not think the claim either of mistake or of fraud warrants any extended discussion. It is not contended that Mrs. Williams made any mistake and it is difficult to understand how Gordan and Hume failed to remember the facts. They were charged with knowledge of reservations appearing in the recorded deeds to these Nineteenth street lots, and, more than this, they had actual knowledge of their contents for they wrote them—all of them—and it is equally difficult to understand how they are the victims of fraudulent practice. The agreement to arbitrate the value of this strip was

in writing; they wrote it. Mr. Gordan said that he was unwilling to act on any verbal agreement—this, doubtless, because he was anxious that there be no mistake, and to make assurance doubly sure he stipulated that the deed which was to follow arbitration should be the particular deed which he was to draft, and which was to be attached to his agreement to arbitrate—all of this done by a man of experience and skilled in this particular line of work. In it all Mr. Gordan was not required to know what some one else had done, but only to remember his own transactions.

The bill charges that Mrs. Williams, at the time of her purchase, falsely represented that she had the consent of all the lot holders to change the location of this walk, provided she would give them another walkway, and this charge is sustained by Mr. Gordan's testimony. If this be true, of course fraud was perpetrated upon the plaintiffs. Mrs. Williams' account of what was done differs materially from this. She admits that she secured from the lot owners their consent to the "swap," but says that this was done at a time when she was under the impression the walk was a public one and had been dedicated to public uses. She was mistaken as to the dedication and so there that particular negotiation ended. She did tell Gordan that the neighbors were willing to make this exchange if he was. That he declined to do but said that he would sell for $1,000.00. She did not promise to pay for one walk and to give another.

Fraud must be clearly proven. The charge in the bill sustained by Mr. Gordan's evidence is denied by Mrs. Williams. The evidence is in the form of depositions and fails in weight to measure up to this requirement.

The deed in itself is unambiguous. It is made

subject to all easements contained in "said deed," which was the deed to Gordan and Hume from Lutie P. Blow, " and all easements granted by parties of the first part (Gordan and Hume) to purchasers of lots on the two blocks on the plat of Virginia Beach property, to the rear of this property, to use strip as a lane, reference being hereby made to all deeds executed by parties of the first part duly recorded in the aforesaid clerk's office for the particular terms of said easement."

Courts are not called upon to construe provisions which need no construction, and this provision is one of that class. If the grantors had in mind easements not appearing in deeds theretofore executed by them, they certainly did not indicate it, and their failure to do so is negligence for which they must suffer. *Bibber* v. *Carville*, 101 Me. 59, 63 Atl. 303, 115 Am. St. Rep. 305.

It is contended that there were no easements reserved in any of their deeds, and that this reservation is meaningless and shows upon its face some mistake; but their deed to Harris of lots 11 and 13 in block 41, binds them to lay a granolithic walkway along this lane from the ocean front. It must have been a walkway for the benefit of Harris, and easement must have been intended and could have been claimed, and so the reservation in the deed of April 29, 1926, was not meaningless and applies directly to the situation created by the Harris deed.

This suit was not brought by Gordan and Hume to protect their vendees. It was brought because these vendees were threatening to sue them. They have been content to keep the purchase price and let the matter rest, and their willingness to return it flows alone from a desire for self-protection. The lot owners were made defendants but never answered, and after the time for them to answer had passed, they

were, on their motion, made coplaintiffs, but have filed no amended or supplemental bill, and the only specific allegation as to their attitude is that they had threatened to sue the original plaintiffs. In this state of the facts, we do not know whether these lot owners have reached any agreement with their coplaintiffs. If they have not, that must be the subject of future dealings between them with which we are not now concerned, but it is plain that Gordan and Hume can be given no relief as against Mrs. Williams. At best, their situation is due to their negligence.

When we come to consider the rights of these lot owners as against Mrs. Williams, we find nothing in the record which can sustain their claim. Mrs. Williams knew that they used this lane, but she believed that some dedication had been consummated and that their rights were those which they enjoyed as adjacent lot owners in a convenient public alleyway, and it was with this in view that she sought and obtained from them consent that it be shifted. When she found that she was mistaken in this, she, as might have been expected, went to the records of Princess Anne county to find out just what their rights were and ascertained that the only reservations there appearing dealt with lots 11 and 13, in block 41. In other words, that examination showed that subject to this single possible reservation, Gordan and Hume were the fee simple owners to the lane. Thereupon, she undertook to deal directly with them. They were unwilling to consent to any change of walkways but did offer to sell, and finally did sell. It is not to be presumed that Mrs. Williams would have been willing to give $600.00 for the naked legal title to this strip of land which she could never use. She relied upon the record and there was nothing in the manner in which it was used to put her on notice that this use

was more than permissive, and it is certain that Gordan and Hume did nothing to put her on notice. They could have had in mind no such rights or they would have written them into their deed.

As a matter of fact, this cause seems to have drifted down to a point where a settlement satisfactory to everybody can be reached without difficulty. Gordan and Hume appear to be willing to pay back the $633.33 if they can be relieved from liability. If this is done, Mrs. Williams has said that she is still willing to dedicate the second walkway to the use of the lot owners. They have heretofore expressed themselves as willing to accede to such a change and there is nothing to show that they are not still willing to do so, unless there be some objection on the part of Mr. Cooke. Certainly, one way is as convenient to them as another.

For reasons stated, we are of opinion that the plaintiffs are entitled to no relief against Mrs. Williams, and that the decree appealed from must be reversed, and the bill dismissed.

*Reversed.*