Filed 01/20/26

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03918

---

Stephen Whitaker v. State of Vermont Agency of Commerce and Community Development et al

---

### Decision on Motion (#1) to Expedite and Motions (#3 and #4) to Dismiss

Plaintiff Mr. Stephen Whitaker seeks formal review of the Central Vermont Regional Planning Commission (CVRPC) decision approving the City of Montpelier City Plan 2025. In pursuit of that review, he filed a petition with Defendants the Agency of Commerce and Community Development (ACCD) and the CVRPC.[1] He received a letter in response from the ACCD to the effect that the statutory right to review had been repealed by implication by the legislature and now does not exist.

Mr. Whitaker then filed this action requesting (a) a declaration that a right to such review continues to exist under 24 V.S.A. § 4476 and (b) relief in the nature of mandamus ordering ACCD and CVRPC to convene a Regional Review Panel to undertake that review. He later filed a so-called addendum to the complaint reframing the injunctive relief sought to an order compelling ACCD to appoint a neutral third party to convene the Regional Review Panel. Mr. Whitaker then filed a motion to expedite court action on his request for mandamus relief.

Defendants ACCD and CVRPC filed Rule 12(b)(6) motions to dismiss. The issue at the heart of this case and the pending motions is whether the right to review described in § 4476 continues to exist or whether it was repealed by implication, a pure legal question of statutory interpretation.

*Procedural Standard*

The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the

---

[1] Named defendants also include the Secretary of the ACCD and the Executive Director of CVRPC, both expressly sued in their official capacities, which is no different than suing those State entities. See *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official.").

allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus*., 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. Benjamin Spencer, et al., Fed. Prac. & Proc. Civ. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

*Analysis*

"Our primary objective when construing a statute 'is to give effect to the intention of the Legislature.' In effectuating that intent, '[w]e examine the plain language of the statute, and if this language is clear and unambiguous, we enforce the statute according to its terms.'" *Maple Run Unified Sch. Dist. v. Vermont Hum. Rts. Comm'n*, 2023 VT 63, ¶ 13, 218 Vt. 496 (citations omitted). To properly interpret a statute, the Court "will not excerpt a phrase and follow what purports to be its literal reading without considering the provision as a whole, and proper construction requires the examination of the whole and every part of the statute." *TD Banknorth, N.A. v. Dep't of Taxes*, 2008 VT 120, ¶ 15, 185 Vt. 45 (citation omitted); see also *Ran-Mar, Inc. v. Town of Berlin*, 2006 VT 117, ¶ 5, 181 Vt. 26 ("We construe all parts of the statutory scheme together, where possible, as a harmonious whole, and '[w]e will avoid a construction that would render the legislation ineffective or irrational.'" (citations omitted)).

In 1988, the legislature adopted Act 200, "An Act Relating to Encourage [sic] Consistent Local, Regional and State Agency Planning." 1987, No. 200 (Adj. Sess.). Among other things, Act 200 added 24 V.S.A. §§ 4305, 4476. 1987, No. 200 (Adj. Sess.), §§ 32–33. As originally adopted, § 4305 created a Council of Regional Commissions and gave it various responsibilities, including convening Regional Review Panels to carry out formal reviews of, among others, decisions related to the "approval or disapproval of municipal plans or amendments." Each such three-person Panel was intended to consist of Council members, at least two of which were to be representatives of regional planning commissions. Section 4476 provided that a request for formal review of decisions related to the approval or disapproval of municipal plans must be filed with the respective § 4305 Panel. Otherwise, § 4476 describes certain procedures and standards as to such review.

That regime remained in place until 2010, when the legislature repealed 24 V.S.A. § 4305 altogether. 2009, No. 146, § G4 (Adj. Sess.). Neither Act 146 nor any other legislation since has modified 24 V.S.A. § 4476 to account for the repeal of § 4305. Section 4476 simply continues to exist while § 4305 does not. But without § 4305, there is no Council of Regional Commissions, and there are no Regional Review Panels that the Council previously convened to conduct the review that Mr. Whitaker now seeks. Neither ACCD nor CVRPC ever had any duty or authority to convene such Panels, and there is no reasonable interpretation of any statutory provisions that might lead one to conclude that either does now.

Defendants both argue that, when Act 146 repealed § 4305, it impliedly repealed the right of action in § 4476 that necessarily depends on the existence of the entities once created by § 4305.  The court agrees.  As the Vermont Supreme Court has put it: "[I]n construing statutes, we 'presume[] that no repeal by implication is intended' and will find implied repeal 'only if (a) the acts are so far repugnant that they cannot stand together, or (b) are not so repugnant, but the later act covers the whole subject of the former and plainly shows it was intended as a substitute therefore.'  Instead, we prefer to 'look for a construction that will harmonize the seemingly-inconsistent statutes.'"  *In re D.C.*, 2016 VT 72, ¶ 34, 202 Vt. 340 (citations omitted).

One learned treatise explains the concept in greater depth:

> The common law doctrine of implied repeal is premised on the inherent legislative authority to repeal laws, and the judicial recognition that legislatures do not always have the time or ability to delve into the myriad of accumulated written laws in order to repeal prior acts expressly.  The doctrine allows that a repeal may arise by necessary implication from the enactment of a subsequent act on the same subject as a pre-existing law.  The enactment of legislation normally implies some change to existing law, by addition, or deletion, or qualification.  The question at the center of the implied repeal doctrine simply is how much the subsequent law changed, or repealed, a prior statute.

> However, a cardinal principle of statutory construction directs that repeals by implication are not favored and will not be indulged in if there is any other reasonable construction.  Courts must assiduously attempt to harmonize two statutes before deciding that one impliedly repeals the other[.]

1A Sutherland Statutory Construction § 23:9 (8th ed.) (footnotes omitted).

There is no way to harmonize Act 146's repeal of § 4305 with the continued existence of the right of review in § 4476.  The entities necessary to implement the right to review simply no longer exist.  Nor is there any reasonable way to discern any legislative intent to the effect that some other entities were intended to implement § 4476.

This is not a case where the legislative intent to preserve the right of review is clear but, for example, a missing word or mistaken reference can reliably be resolved by the court to effectuate that legislative intent.  See 2A Sutherland Statutory Construction § 47:38 (7th ed.) ("Although some courts are hesitant to supply or insert words, the better practice probably requires courts to enforce legislative intent or statutory meaning where it is clearly manifest.  The judicial addition of words necessary for the clear expression of intent or meaning assists legislative authority.  Denying the authority to add or insert words when legislative intent or meaning is clear is more likely to usurp legislative power than allowing such action, as it can destroy a legislature's purpose." (footnotes omitted)).

In fact, Mr. Whitaker proposes no interpretation of these statutes that preserves the right to review in § 4476.  Rather, he argues that it makes no sense that the right to review should exist

while there is no way to implement it. The court agrees with the sentiment, but it points firmly toward an implied repeal. The court cannot simply step into the void, make up an entirely new procedure, and order ACCD and CVRPC to implement it. "It is the duty of the court to declare, and not make the law. If there is a defect in the law, it is not for the court to supply the defect; or to supply an omission in a statute, by judicial legislation." *Penniman v. Town of St. Johnsbury*, 54 Vt. 306, 309 (1881). However unartfully Act 146 may have done it, the express repeal of § 4306 must be understood to have intended the elimination of the right to review in § 4476.

Accordingly, Mr. Whitaker is not entitled to any declaration that the right to review continues to exist.

Because the right does not exist, he cannot be entitled to relief in the nature of mandamus (or any injunction) compelling anyone to implement that review.

It is unnecessary to address other issues raised by the parties.

However, the Court addresses here one issue not raised by the parties. The court's subject matter jurisdiction over this case is questionable. Under 4 V.S.A. § 34(2), the Environmental Division has "jurisdiction of matters arising under 24 V.S.A. . . . chapter 117." The civil division does not have jurisdiction over matters arising under that chapter. See 4 V.S.A. § 31(5) (providing that the civil division has jurisdiction over "any other matter . . . that is not subject to the jurisdiction of another division" (emphasis added)). "[T]hrough its 2010 reorganization of the superior court, the Legislature not only divested the civil division of exclusive jurisdiction over matters arising under 24 V.S.A. ch. 117 but also granted exclusive jurisdiction to the Environmental Division." *Gould v. Town of Monkton*, 202 Vt. 535, 540 (2016). Mr. Whitaker is asking the court to decide matters arising out of 24 V.S.A. § 4476 and now-repealed § 4305, both of which are part of 24 V.S.A. ch. 117 (24 V.S.A. §§ 4301–4498). Because neither party raised this issue in its briefing, and dismissal is clearly warranted for the reasons raised by Defendants, the court decides the motion on Rule 12(b)(6) grounds for the sake of expedience, and takes no position in this decision on the subject matter jurisdiction issue.

### Order

For the foregoing reasons, Defendants' motions to dismiss are granted. Mr. Whitaker's motion to expedite is denied as moot.

Electronically signed on January 16, 2026, pursuant to V.R.E.F. 9(d).

_____
Navah C. Spero
Superior Court Judge

4