MARY P. STOCKWELL v. TOWN OF RUTLAND.

January Term, 1902.

Present: TAFT, C. J., ROWELL, TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed October 28, 1902.

*Municipal corporations—Acts done in public capacity—Liability for injuries by.*

A town which, by act of the legislature, acquires territory in which is laid an aqueduct of iron pipe, takes and holds the pipe in its public capacity, though it is being taken up to be sold for want of other use for it; and such town is not liable to a person injured by falling into an unguarded and unlighted ditch dug for the purpose of so removing the pipe.

CASE FOR NEGLIGENCE. A demurrer to the declaration having been overruled, the defendant pleaded the general issue. Trial by jury at the March Term, Rutland County, 1901, *Munson,* J., presiding. Verdict and judgment thereon for the plaintiff. The defendant excepted.

*Joel C. Baker* for the defendant.

The doctrine of *respondeat superior* does not apply, since the defendant was acting in a governmental capacity, and no liability can be imposed upon the town except by statute. *Welsh* v. *Rutland,* 56 Vt. 228; *Bates* v. *Rutland,* 62 Vt. 178; *Aitken* v. *Wells River,* 70 Vt. 308.

The plaintiff was a traveller upon the highway, and her accident resulted from an insufficiency in the highway, and for such, no action lies. *Parker* v. *Rutland,* 56 Vt. 224; *Weller* v. *Burlington,* 60 Vt. 28; *Bates* v. *Rutland, supra; Hill* v. *Boston,* 122 Mass. 344.

The defendant is not liable since the work of taking up the pipe was being done by the contractor, Pokrywka. *Gaslight Co.* v. *Norwalk,* 63 Conn. 522; 1 S. & R. on Neg. s. 168.

*Butler & Moloney* for the plaintiff.

The town acquired title to this water pipe by act of the legislature. When it attempted to remove the same from the street, it was not acting in a public capacity, but for its private benefit. *Winn* v. *Rutland,* 52 Vt. 481; *Welch* v. *Rutland,* 56 Vt. 228; *Jones* v. *New Haven,* 34 Conn. 1.

The contractor was engaged to excavate the pipe at a certain price per length, and he was under the supervision and control of the selectmen. He was but the servant of the defendant. The town is therefore liable. Bus. Per. Inj. 50; *Detroit* v. *Corey,* 9 Mich. 165; *Railroad Co.* v. *Hanning,* 82 U. S. 649; *Homan* v. *Stanley,* 66 Penn. St. 464.

ROWELL, J. This is case for negligence in leaving improperly lighted and guarded an open ditch in a highway, into which the plaintiff fell, dug for the purpose of taking up disused water pipe, to which the defendant acquired title under No. 190 of the Acts of 1894, annexing a part of the city of Rutland to the town of Rutland, and providing that the public

property of the city in the annexed territory should become the property of the town, and that the town should pay to the city, among other things, the cost of the water mains the city had laid in said territory, and the cost of laying the same, but silent as to what use the town should make of the pipe.

The court overruled defendant's motion for a verdict, treated the act as authorizing the town to secure to itself the value of the property thus transferred, and charged that if the town was digging up the pipe to be used for highway purposes, it was not liable, however negligently the work was done; but if it was digging it up without reference to its duty to the public regarding highways, but for the purpose in the first instance of converting it into money for the benefit of its treasury, it would be liable, if the case was otherwise made out.

The defendant says it was error to overrule its motion, and to submit the case to the jury, for that the evidence did not tend to show that the pipe was being dug up to sell, but only to be used for highway purposes; and for that the act conferred upon the town no authority to use the pipe for its private gain and advantage, nor for any purpose outside of its governmental agency.

The distinction drawn by the charge is well settled, name-ly, that municipal corporations proper are not liable when acting in their public and governmental capacity, unless made so by statute; but are liable when acting in their private and non-governmental capacity, the same as corporations aggregate and natural persons. But the question here is whether the defendant was acting in its private and non-governmental capacity in digging up this pipe for the purpose in the first instance of converting it into money for the benefit of its treasury. There were thirty-seven or thirty-eight lengths of it in all, about 450 feet, some of it 8-inch, and some of it 6.

The question of when a municipal corporation is acting in its private capacity so as to make it liable, has frequently been before this Court and is pretty well settled.  *Winn* v. *The Village of Rutland*, 52 Vt. 481, is a leading case on the subject. There the village was held liable for damage occasioned by its negligence in constructing a sewer through plaintiff's land. The decision was put upon the ground that as the village had asked for and obtained charter authority to build and maintain sewers, not for the purpose of discharging a governmental duty, but of benefiting its inhabitants, the authority carried with it an implied obligation on the part of the village to use it so as not to injure others, and that the true principle of liability was found in that obligation.

In *Welsh* v. *The Village of Rutland*, 56 Vt. 228, 48 Am. Rep. 762, it is said that when municipal corporations are exercising private franchises, powers, and privileges belonging to them for their corporate benefit, or are dealing with property held by them for their corporate advantage, gain, or emolument, though inuring ultimately to the benefit of the general public, they are liable for negligent exercise of such powers the same as individuals are.

There is nothing in the case at bar to show that the defendant asked to have this territory annexed to it, but for aught that appears it was done without its consent and against its will.   The act dealt with the town in its public and governmental capacity, and not otherwise, for all its provisions were compulsory upon it; and the town took the territory in the same capacity, and could have taken it in no other; and the pipe, being a mere incident of the transaction, followed the principal, and the town took that in its public capacity, for the State does not force things upon municipalities in their private capacity, but waits to be asked to confer them.   Indeed it has been held that the State cannot do that. In *People, ex. rel. Board of Park*

*Commissioners* v. *Common Council of Detroit,* 28 Mich. 228, 15 Am. Rep. 202, it was held that the legislature could not compel a municipal corporation to contract a debt for local purposes against its will, any more than it could compel a private corporation or an individual to contract a debt. The Court said it would be as easy to justify on principle a law that permits the rest of the community to dictate to a man what he shall eat, as to justify one that permits the people of other parts of the State, through their representatives, to dictate to a municipal corporation what it shall do in respect of private and non-governmental matters. The same thing was held in *People* v. *The Mayor of Chicago,* 51 Ill. 17, 2 Am. Rep. 278, and upon much the same reasoning. *People* v. *Batchelder,* 53 N. Y. 128, 13 Am. Rep. 480, is to the same effect; and so is *Atkins* v. *Randolph,* 31 Vt. 226.

Now to say that the town, having been compelled to take and pay for this pipe in its public capacity, is to be treated as holding it in its private capacity merely because, having no other use for it, we may suppose, it intends to sell it in order to reimburse its cost, would be changing the legal relation of the town to the property, and making a matter of public concern into a matter of purely private concern, and quite overleaping the true principle of liability stated in *Winn* v. *Rutland.*

In *Bates* v. *Bassett,* 60 Vt. 530, 15 Atl. 200, the town of Barre, having built a new town hall, repaired its old town hall for renting, having no other use for it; and it was held that it might lawfully do that, and raise a tax to pay for it, it not being its primary object to invest money in buildings to rent, but only to make the best and most advantageous use of property already on hand. The principle of that case is applicable here, and is decisive of the case in favor of the defendant, and therefore its other exceptions need not be considered.

*Reversed and remanded.*