N. W. SANBORN AND VIOLA L. SANBORN *v.* VILLAGE OF
ENOSBURG FALLS.

November Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 6, 1914.

*Municipal Corporations—Torts—Sewers—Negligence in Main-
taining—Obstructing Natural Water Course—Government-
al Functions—Eminent Domain—Taking Property—Ease-
ment.*

Except as provided by statute, a municipality is not liable for the
negligence of its officers in the performance of strictly govern-
mental functions, for therein they are not the agents of the munici-
pality, but of the State.

The construction and maintenance of sewers by a municipality, though
conducing to the general good, is not a governmental function, so
as to relieve it from liability for negligence in maintaining them.

An eight-inch tile sluice crossing a village street, a barrel catch-basin
into which empties a tile running under the sidewalk, and from
which a tile runs underground across the street and there connects
with the sewer, the tile having been installed to protect the side-
walk and to carry the surface water into the sewer, were no part
of the sewer system, but were maintained by the village in its
governmental capacity to protect the highway, and so the village
is not liable for injury to adjacent property owing to the negligence
of its officers in maintaining the sluice and tile.

The statutory liability of municipalities for insufficient culverts and
bridges is for injuries to travelers only.

The policy of the government is to conduct its highways over natural
watercourses by bridges and culverts, and a municipality has no
implied authority, in discharging its duty of maintaining the
streets, to obstruct such watercourses to the injury of adjoining
landowners, and, if it does so, it is liable to them.

Any permanent occupation of private property for public use, so as
to exclude the owner from its beneficial use, regardless of how the
title is left, must be by the exercise of the right of eminent domain

and upon recompense, unless it can be referred to some other governmental power, as the police power.

The subjection of land to an easement such as a public highway is as much a taking of property as if the absolute title were taken. *Livermore* v. *Town of Jamaica*, 23 Vt. 369, overruled.

CASE. Plea, the general issue. Trial by jury at the March Term, 1913, Franklin County, *Miles*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Elmer Johnson* for the defendant.

In putting in the catch-basin to protect the walk from surface waters the defendant was acting in a governmental capacity and is not liable. *Aitken* v. *Wells River*, 70 Vt. 308; *Welsh* v. *Rutland*, 56 Vt. 228; *Weller* v. *Burlington*, 60 Vt. 28; *Stockwell* v. *Rutland*, 75 Vt. 76.

*McFeeters & McFeeters* for the plaintiffs.

After a municipality constructs a water way or drain, it must be kept in repair. 4 McQuillan, Munic. Corp. §1451; Dillon, Munic. Corp. §1049; 24 Am. & Eng. Enc. 1st Ed. 948; *Denver* v. *Capelli*, 34 Am. Rep. 62; *Evansville* v. *Decker*, 43 Am. Rep. 86; *Rowe* v. *Portsmouth*, 56 N. H. 291, 22 Am. Rep. 464; *Child* v. *Boston*, 4 Allen, 41; *Smith* v. *Mayor*, 66 N. Y. 295, 23 Am. Rep. 53; *Spangler* v. *San Francisco*, 84 Cal. 12, 18 Am. St. Rep. 158; *Whipple et ux.* v. *Fairhaven*, 63 Vt. 221; *Haynes* v. *Burlington*, 38 Vt. 350; 2 Anderson, Torts, 1314.

HASELTON, J. This is an action on the case for the recovery of damages done by surface water to the basement of a barn in the defendant village. The general issue was pleaded, trial by jury was had, a verdict for the plaintiffs was returned, and judgment was rendered thereon. At the close of the evidence the defendant moved for a verdict in its favor. This motion was overruled *pro forma* and the defendant excepted.

The plaintiffs complain of damages resulting from the doings and omissions of the village in respect to Church Street and St. Albans Street, two common roads in the village, turn-

piked on the surface. The barn in question fronts on the south side of St. Albans Street, and is built on a low flat piece of land across which the surface water from an area of from six to ten acres naturally flows. About opposite the westerly corner of the barn there is an eight inch tile sluice crossing St. Albans Street. When it was put in it does not appear. It has been there since 1898 and is maintained by the village. In that year the village put in a "barrel catch basin" on the north side of St. Albans Street about seventy feet west of the sluice. There is a tile running under the sidewalk into this barrel and a six inch tile from the barrel across St. Albans Street, under ground, which connects with the sewer of the village. The tile was put in to protect the sidewalk and to carry surface water into the sewer. The streets, the sluice, and the catch basin, were maintained by the village. In 1912, the tile, sluice, and catch basin became clogged and frozen and were neglected, and because of such clogging, freezing, and neglect, the surface waters overflowed the road, entered the basement of the barn and caused the damage for which this action is brought. The village had notice of the condition of the drain and catch basin, and took no action to remedy the trouble. The evidence viewed in the light most favorable to the plaintiffs tended to show that the defendant by the grading of the streets and the piping of surface water had somewhat though slightly increased the volume of surface water naturally cast upon the lot of land on which the barn stood, and that the grading of the streets mentioned had been so changed within a period of ten years that the lowest point of St. Albans Street was no longer at the catch basin, where it formerly was, but was closer to the corner of the barn in question. There was no evidence or claim of any change of grade in the vicinity in question to the extent of the three feet named in the statute. P. S. 3878; *Fairbanks* v. *Rockingham*, 75 Vt. 221, 54 Atl. 186.

The main question is whether or not in its construction and maintenance of the sluice, catch basin and tile the village was acting in a public and governmental capacity. If it was so acting it is not liable for the negligence of the village officers in that regard, for in that case their acts and omissions are not deemed to be the acts and omissions of the village, but rather those of officers acting in behalf of the State in the perform-

31

ance of governmental functions. *Garty's Admr.* v. *Winooski,* 78 Vt. 104, 62 Atl. 45, 2 L. R. A. (N. S.) 95, 6 Ann. Cas. 436; *Stockwell* v. *Rutland,* 75 Vt. 76, 53 Atl. 132; *Aitken* v. *Wells River,* 70 Vt. 308, 313, 40 Atl. 829, 41 L. R. A. 566, 67 Am. St. Rep. 672; *Bates* v. *Village of Rutland,* 62 Vt. 178, 20 Atl. 278, 9 L. R. A. 363, 22 Am. St. Rep. 95; *Weller* v. *Burlington,* 60 Vt. 28, 12 Atl. 215; *Welsh* v. *West Rutland,* 56 Vt. 228, 48 Am. Rep. 762; *Parker* v. *Village of Rutland,* 56 Vt. 224; *State* v. *Burlington,* 36 Vt. 521; *Bacon* v. *Boston & Maine,* 83 Vt. 421, 439, 76 Atl. 128; *City of Montpelier* v. *McMahon,* 85 Vt. 275, 281, 81 Atl. 977.

The construction and maintenance of sewers is not considered a governmental function but a power conferred upon a municipal corporation for its own benefit and that of its citizens, although its exercise may conduce to the general good. *Winn* v. *Rutland,* 52 Vt. 481.

The sewers are the sewers of the corporation; but all highways are public highways and their maintenance and protection are governmental functions.

We think it is clear from the case that the sluice, catch basin and tile in question were not sewers and were no part of any sewer system, but were maintained for the protection of the highway very much as on some roads water bars are maintained for the same purpose. If the tile across St. Albans Street is to be deemed a culvert then the case is not affected, for the statutory liability of towns and other municipalities for maintaining insufficient culverts and bridges is for injuries to travelers only. *Castle* v. *Town of Guilford,* 86 Vt. 540, 86 Atl. 804; *Herrick* v. *Town of Holland,* 83 Vt. 502, 514, 77 Atl. 6; *Cleveland* v. *Washington,* 79 Vt. 498, 65 Atl. 584.

A municipality charged with the public duty of maintaining streets has no implied authority to dam up or otherwise obstruct natural water courses. The policy of the government is to conduct its highways over such natural water courses by bridges or culverts, and in the absence of valid legislative power the obstruction of a natural water course by a municipal corporation to the injury of adjoining landowners is something for the consequences of which the municipality is liable, as was decided in *Haynes* v. *Burlington,* 38 Vt. 350, a case cited by the plaintiffs.

It is as much the duty of a town to maintain a passage for a natural stream as it is to build highways and bridges, and if a town undertakes to carry a highway across a natural stream by damming up the stream, it is not acting in the discharge of a public duty. Towns and villages cannot dam up streams to the injury of riparian owners by virtue of their duty to keep highways in repair any more than they can tear down houses. If property has to be so taken it must be under the right of eminent domain.

In *Livermore* v. *Town of Jamaica*, 23 Vt. 369, it was held that the constitutional provision as to compensation for the taking of private property for public use did not apply unless the owner was absolutely divested of all title in the property. The court relied upon no authorities, but thought the constitution had therefore received such a practical construction.

In *Hatch* v. *Central R. Co.*, 25 Vt. 49, 65, it was said that in the Livermore case the court took what might seem ''a rather anomalous view of the subject,'' in limiting the constitutional provision to the taking of the fee of the land.

In *Prince* v. *Town of Braintree*, 64 Vt. 540, 26 Atl. 1095, the holding in the Livermore case, 23 Vt. 361, is referred to but the doctrine referred to is not applied.

In *State* v. *Theriault*, 70 Vt. 617, 41 Atl. 1030, 43 L. R. A. 290, 67 Am. St. Rep. 695, which arose under the fish and game law, the opinion in the Livermore case is quoted from at length, but the decision is simply that the statute then under consideration was a reasonable and valid exercise of the police power. So in *State* v. *Morse*, 84 Vt. 387, 398, 80 Atl. 189, 34 L. R. A. (N. S.) 190, Ann. Cas. 1913 B, 218, a case which dealt with the powers of the board of health, the Livermore case was referred to, but the opinion in *State* v. *Morse*, was that the prevention of the pollution of certain waters was an exercise of the police power and no taking.

However, in *Bacon* v. *Boston & Maine R. R.*, 83 Vt. 421, 76 Atl. 128, we recently noted that constitutional guarantees extend ''to the use of private property as well as to its mere ownership and title,'' and this doctrine was strongly asserted in *Doty* v. *Village of Johnson*, 84 Vt. 15, 77 Atl. 866; *Foster* v. *Stafford Nat. Bank*, 57 Vt. 128, 133; *Winn* v. *Rutland*, 52 Vt. 481, 494, and is sound and settled law; *United States* v. *Lynch*, 188 U. S. 445, 47 L. ed. 539, 23 Sup. Ct. 349; *Sweet* v. *Rechel*, 159

U. S. 380, 40 L. ed. 188, 16 Sup. Ct. 43; *Pumpelly* v. *Green Bay Co.,* 13 Wall. 166, 177, 20 L. ed. 557; *Eaton* v. *Boston &c. Co.,* 51 N. H. 504, 12 Am. Rep. 147; *Gilpin* v. *City of Ansonia,* 68 Conn. 72, 35 Atl. 777; *Forster* v. *Scott,* 136 N. Y. 577, 32 N. E. 976, 18 L. R. A. 543; *Pearsall* v. *Eaton County,* 74 Mich. 558, 42 N. W. 77, 4 L. R. A. 193.

Any permanent occupation of private property for public use and exclusion of the owner from its beneficial use, regardless of how the title is left, must be by the exercise of the right of eminent domain, and must be compensated for, unless it can be referred to some other governmental power, as the police power. The subjection of land to an easement of the character of a highway is a taking as much as though the absolute title passed. The elements of just compensation in such a case we have here no occasion to consider.

The anomalous case of *Livermore* v. *Town of Jamaica,* 23 Vt. 361, is overruled on the point noted.

Yet though if towns dam up and obstruct running streams they are acting outside their authority as instrumentalities of the State, and are liable in damages, as to sluices, drains, and water bars constructed within the limits of a highway to protect the highway, though they be negligently maintained, our law as it now is, imposes no civil liability upon municipalities further than has been stated. The government undertakes to enforce the duties of municipalities in this regard by way of indictment.

*Whipple* v. *Fair Haven,* 63 Vt. 221, 21 Atl. 533, another case referred to by the plaintiffs was one in which the court was pretty evenly divided. Two judges dissented and one doubted. In that case there was in fact a taking of the property of an adjoining landowner by subjecting it to a servitude through the maintenance of a drain upon land outside of the highway.

That was an injunction suit, and there in subjecting the orator's land outside of the limits of the highway to a servitude by the maintenance of a drain thereon, the village was outside of its jurisdiction in the maintenance of the highway in question, and it might well be claimed that the village could not defend an injunction suit on the ground that it was acting in the discharge of a governmental function. However, two of the judges dissented and the judge who wrote the

opinion doubted its soundness, and the case cannot be considered an authority for the contention of the plaintiffs here in this action of case.

Here the court below was inclined to think that the plaintiffs had no case, but, as we have said, overruled the motion for a directed verdict *pro forma,* considering that by that course the questions involved might best be finally determined.

We think that the plaintiffs' evidence did not fairly and reasonably tend to show that they had suffered an injury for which the village corporation was liable, and that its motion for a directed verdict should have been granted.

The plaintiffs claim that the defendant is estopped by an admission made by its counsel during the course of the trial and relied upon by the plaintiff and the court. During the trial counsel said: ''The position I take is this, that while the village is given legislative authority to establish a drain, that does not impose upon them any duty to do it, and if they had established a drain they might abandon it.'' But this seems to have been said with reference to but one aspect of the case, and there is nothing in the record which indicates that abandonment was the sole ground of defense or was so treated by the plaintiffs' counsel or by the court. The charge of the court indicates the contrary.

Other questions were raised by exceptions duly taken, but their consideration becomes immaterial in view of the holdings already made.

The question of the liability of the village officers we do not consider for they are not parties to the case.

*Judgment reversed and judgment for the defendant to recover its costs.*