## Robert W. McDonald v. Richard S. Woodruff and State of Vermont

[340 A.2d 90]

No. 162-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed June 3, 1975

*Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*Dinse, Allen & Erdmann*, Burlington, for defendant State.

*Latham, Eastman & Tetzlaff*, Burlington, for defendant Woodruff.

**Keyser, J.** On March 16, 1972, Robert W. McDonald filed a complaint in Washington County (Superior) Court against Richard S. Woodruff and the State of Vermont. The complaint charged that Woodruff, "individually and as an agent and employee of the State of Vermont, performed an autopsy on Sylvia McDonald, the deceased wife of the plaintiff, and negligently found that there was no evidence of gun powder residue near the wound which caused Sylvia McDonald's death." It further alleged that as a result of this negligence McDonald was charged with the murder of his wife and was thus forced to spend large sums of money and suffer great public embarrassment, pain of mind, and loss of standing in the community. Defendants filed answers denying the material allega-

tions. The State, in addition, pleaded affirmatively that Mc-Donald had failed to state a claim upon which relief could be granted, that the State was immune under the doctrine of sovereign immunity, and that the complaint was further barred by the fact that Doctor Woodruff's acts were clothed with a quasi-judicial privilege.

The State of Vermont subsequently moved for a judgment on the pleadings or, in the alternative, for a summary judgment, citing in support thereof the theories of judicial privilege and sovereign immunity. Following a hearing and "[a]fter consideration of the pleadings and memoranda of law, as well as oral argument and exhibits", the court below granted a summary judgment on behalf of defendant State of Vermont. This appeal, to which defendant Woodruff is not a party, followed.

Whether viewed as a summary judgment or, as plaintiff contends, a judgment on the pleadings, it is clear to us that the decision of the court below raises several important legal issues of potentially far-reaching dimension. Lurking between the lines of plaintiff's seemingly straight-forward complaint are significant questions relating to judicial and discretionary privilege, sovereign immunity, and the substantive law of negligence; a potentially dispositive determination may spring from examination of any one of these areas. These questions may technically be characterized as legal but, as is so often the case, careful consideration of their factual background is a prerequisite to their proper determination. The factual question of whether the State has purchased liability insurance, for instance, may have an important bearing on the issue of sovereign immunity. The question here of whether the complaint states a cause of action in negligence may well turn on whether there was a duty running from defendant Woodruff to this plaintiff. This question, in turn, predominantly rests on the foreseeability of consequences, *Thompson* v. *Green Mountain Power Corp.*, 120 Vt. 478, 483, 144 A.2d 786 (1958), and its resolution in this case would require a fuller development of the circumstances surrounding the alleged negligence.

The record before us reveals little in the way of necessary factual development beyond the skeletal allegations in the pleadings. Absent this, and lacking any indication from the lower court as to the basis for its decision, we are simply un-

willing to render substantive determinations in the posture in which this case has come before us. Important legal questions should not be decided in a vacuum.

*Reversed and remanded.*

**Larrow, J.** (concurring in result). I agree with my brothers that this case must be reversed and remanded, but I cannot subscribe to the reasoning on which they reach that result. It is all very well to opine that legal questions should not be decided in a vacuum, whatever that phrase may mean, but a decision on abstract principles is not necessarily "in a vacuum." If it were, dismissal for failure to state a cause of action would be an impossibility, and our rules relating thereto completely meaningless. V.R.C.P. 12(b), 12(c), 12(h)(2); Reporter's Notes to V.R.C.P. 56(c).

However denominated and treated by the court below, what we are dealing with here is a dismissal for that reason, on the State's motion. It is not a Rule 56 motion for summary judgment because despite the form recital contained in the cryptic judgment order there was nothing except the pleadings before the court for its consideration. Arguments and memoranda are not "matters outside the pleadings" which convert a Rule 12(c) motion for judgment into a Rule 56 motion for summary judgment. *Cf.* Wright and Miller, Federal Practice and Procedure: Civil, § 1366.

So viewed, the motion should have been denied, not for the reasons stated in the majority opinion, but because the complaint stated a cause of action in precisely the manner our rules contemplate. I agree that the factual question of whether the State purchased applicable liability insurance may have an important bearing. But the complaint alleges that it did and this is all we need presently consider, because 29 V.S.A. § 1403 says such action waives sovereign immunity. Pleading the purchase fulfills plaintiff's burden of negating immunity under *Lemieux* v. *City of St. Albans,* 112 Vt. 512, 28 A.2d 373 (1942).

I agree with my brothers that this case involves "important legal issues of potentially far-reaching dimension." I concur in their enumeration of those issues. I share their very evident concern that plaintiff has many hurdles to surmount and that

some of his allegations may well be difficult to establish. But the "careful consideration of their factual background" is a matter for trial, and so is "a further development of the circumstances surrounding the alleged negligence."

The questions which seem to vex the majority are ones which may become "potentially dispositive" on trial, when raised by motion for directed verdict or submitted for jury decision. But they are, as of now, a future thicket into which we need not venture. Our sole question is not whether or not plaintiff *has* a cause of action, but whether he has *alleged* one. In my view, he has. Simply put, he has alleged that defendant Woodruff, as an agent and employee of the State, was negligent, that plaintiff was charged with murder as a result, and that sovereign immunity has been waived by the State's purchase of liability insurance coverage. These claims may be denied, as they are; immunity and privilege may be claimed, as they are. But the simple fact remains that, whether he can prove it or not, plaintiff has *alleged* a cause of action. If he has not, we should strike Form 9 from our Appendix of Forms and V.R.C.P. 84, ruling it sufficient, from our Rules of Civil Procedure.

The motion below can be nothing but a motion to dismiss for failure to state a cause of action. I do not regard such motions as being "in a vacuum." They are equivalent to common law demurrers, which courts have dealt with for many centuries. All that our rules require are the "seemingly straight-forward complaint" the majority speaks of. V.R.C.P. 8(a). The complaint filed below meets that test, and the motion below should have been denied. Indeed, I am at a loss to understand how a reversal and remand can be made at all if the majority entertains any view that the complaint was insufficient. Affirmance would be required, not reversal.