## Bruce J. Levinsky v. M. Jerome Diamond

[442 A.2d 1277]

No. 410-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 2, 1982

*George H. Spangler* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Robert D. Rachlin* and *Priscilla K. Reidinger* of *Downs, Rachlin & Martin,* South Burlington, for Defendant.

Underwood, J. Plaintiff, a nursing home operator, appeals the trial court's dismissal of his complaint against the defendant for malicious prosecution and abuse of process. These two torts are alleged to have been committed by the defendant, a former Attorney General of the State of Vermont, in the course of investigating the plaintiff and initiating prosecution against him on two counts of subornation of perjury, ten counts of medicaid fraud, and for seeking to have the defendant arrested on a federal warrant as a fugitive from justice while the plaintiff was vacationing in Bermuda.

The case comes to us with no answer to the complaint ever having been filed by the defendant. Rather, the defendant moved to dismiss the complaint on the grounds that it (1) failed to state a claim upon which relief could be granted, V.R.C.P. 12(b)(6); (2) was barred by the doctrine of sovereign immunity; and (3) was barred by the doctrine of prosecutorial immunity.

The court below at first denied the motion in an order dated June 23, 1980. It found that the complaint did set forth a claim for the torts of malicious prosecution and abuse of process. It dealt with both immunity defenses by noting that neither doctrine shields officials acting outside the scope of their authority. Finding that the plaintiff's complaint implied that the defendant's actions were outside the scope of his employment, the court granted the plaintiff leave to amend his

complaint to set forth express instances in which he claimed the defendant exceeded his authority as Attorney General.

Plaintiff made only two amendments to the original complaint. He amended paragraph 26 of Count I to allege:

> (26) The defendant's acts and conduct, as herein alleged, were beyond the reach of his office as Attorney General of the State of Vermont, and in performing said acts, the defendant was acting outside of the scope of his employment. Defendant's conduct constitutes an abuse of process in that defendant employed legal processes for purposes other than for which the same were intended by law.

He also amended paragraph 33 of Count II to allege:

> (33) Defendant's acts and conduct were beyond the reach of his office and said defendant was acting outside the scope of his employment in the performance of the same. His conduct in maliciously causing said investigation and prosecutions to be instituted against the plaintiff was unlawful and constitutes a malicious use of legal process.

The defendant moved to dismiss the amended complaint on grounds that it failed to state a claim for which relief can be granted, and asked the court to reconsider its order of June 23. This time, in an order dated November 9, 1980, the court did dismiss the complaint, concluding that the amendments noted above merely recited legal conclusions without setting forth facts which showed that the defendant was operating beyond the scope of his employment.

The order and the record reflected an intermingling of two distinct motions which ought not to be confused—a motion to dismiss for failure to state a claim upon which relief can be granted, V.R.C.P. 12(b)(6), and a motion for judgment on the pleadings, V.R.C.P. 12(c). Since the complaint was adequate to withstand the former motion, and the latter motion was not properly before the court, we reverse and remand for further proceedings.

The original complaint alleged that the defendant used the powers of his office to

institute, or cause to be instituted, a major prosecution against the plaintiff to which he, the defendant, could call the public's attention and thus create in the public's mind and opinion the impression that he was a person of great ability and effectiveness in performing the duties of his office, thus enhancing his political image and furthering his then efforts to become elected Governor of this State.

Among the specific acts allegedly undertaken for this purpose were:

—deliberately causing two redundant counts of subornation of perjury to be filed where only one was supportable;

—holding a press conference to accuse the defendant of fleeing the state to avoid prosecution on these charges even though the defendant was unaware of them, and had left on a previously scheduled trip to Bermuda;

—causing a federal warrant to be issued for the defendant's arrest as a fugitive from justice;

—causing ten charges of medicaid fraud to be filed against plaintiff which defendant subsequently withdrew, admitting they were unsubstantiated; and

—causing his staff to represent to the court at plaintiff's arraignment that the plaintiff had previously fled the country as a fugitive from justice and that the evidence against him was overwhelming, and thus causing bail to be set at $1,200,000—the highest ever set in a Vermont criminal case—while subsequently conceding upon examination at a bail reduction hearing that he had no evidence that plaintiff was a fugitive from justice.

Finally, the plaintiff alleged that these various acts, in addition to being without substance, beyond the scope of the defendant's duties, and undertaken for impermissible reasons, caused him substantial pecuniary loss and emotional turmoil, and invaded his privacy and damaged his reputation.

The plaintiff's complaint clearly alleges each of the necessary elements of the torts of malicious prosecution and abuse of process. To state a claim for malicious prosecution, the plaintiff must allege facts constituting a prosecution with

malice, without probable cause, and which caused damage to the plaintiff. *Fay* v. *Van Ells*, 134 Vt. 536, 541, 367 A.2d 167, 171 (1976); 52 Am. Jur. 2d *Malicious Prosecution* § 1. To state a claim for the legally distinct tort of abuse of process, *Roberts* v. *Danforth*, 92 Vt. 88, 91, 102 A. 335, 336 (1917), a complaint must allege that the defendant made an improper, illegal, or unwarranted use of court processes with an ulterior motive or for an ulterior purpose, which produced damage to the plaintiff. 1 Am. Jur. 2d *Abuse of Process* § 4.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is "to test the law of a claim, not the facts which support it." *Niece* v. *Sears, Roebuck & Co.*, 293 F. Supp. 792, 794 (N.D. Okl. 1968); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1969). The court's attention, therefore, is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a). 5 C. Wright & A. Miller, *supra*, § 1357, at 594.

V.R.C.P. 8 provides:

> (a) A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. . . .
>
> . . . .
>
> (e)(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
>
> (f) All pleadings shall be so construed as to do substantial justice.

As the Reporter's Notes to V.R.C.P. 8 emphasize, the rule does not require a specific and detailed statement of facts constituting the cause of action. Rather, the test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests. *Bressler* v. *Keller*, 139 Vt. 401, 402–03, 429 A.2d 1306, 1307 (1981). A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that there exist no

circumstances or facts which the plaintiff could prove about the claim made in his complaint which would entitle him to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45–46 (1957).

In the present case, the plaintiff has alleged each of the necessary elements for both malicious prosecution and abuse of process. That being so, the court should not have considered, in the context of a motion to dismiss for failure to state a claim upon which relief can be granted, the issues of whether this defendant was cloaked with sovereign or prosecutorial immunity.

Though the record does not spell out the reasons why the court considered these issues, its order concluded: "The failure of the Plaintiff to set forth facts showing that the Defendant acted other than as a prosecutor exercising prosecutorial functions mandates that the court respond favorably to Defendant's motion to dismiss." The court below apparently had in mind our recent decision in *My Sister's Place* v. *City of Burlington*, 139 Vt. 602, 433 A.2d 275 (1981), in which we reaffirmed our holding in *Lemieux* v. *City of St. Albans*, 112 Vt. 512, 516, 28 A.2d 373, 375 (1942), that in some circumstances the plaintiff must specifically allege facts showing that the act in question was not committed in a governmental capacity.

In both these cases, however, the defendant was a municipal corporation and thus well within the rationale for imposing this burden on the plaintiff: "Since the liability of a municipality . . . is the exception to the general rule of [sovereign] immunity . . . , it behooves the plaintiff who is seeking to impose liability . . . contrary to the general rule to aver facts sufficient to manifest his right to do so." *Id.*

The immunity cloaking a sovereign state and its incorporated creatures does not, however, automatically bar a suit against an official. The acts of officials which are not lawfully authorized are not the acts of the states. See, e.g., cases collected in 72 Am. Jur. 2d *States* § 115. Thus it is well established that the fact that a state officer is sued does not make the suit necessarily one against the state and therefore within the ambit of the sovereign's immunity. See, e.g., *id.* at § 108. Similarly, the judicial immunity ordinarily cloaking a

prosecutor "is not limitless, since it does not protect judicial officers acting clearly beyond the reach of their office and jurisdiction." *Polidor* v. *Mahady*, 130 Vt. 173, 175, 287 A.2d 841, 843 (1972).

■ Plaintiff's complaint, especially as amended, clearly alleges that the defendant acted beyond the scope of his duties. Thus, "[w]hether, as a matter of law, he had an absolute defense depends entirely on a factual determination." *Lomberg* v. *Crowley*, 138 Vt. 420, 422, 415 A.2d 1324, 1326 (1980). That being the case, V.R.C.P. 12(b) requires that "[e]very defense, in law or fact, to a claim for relief . . . shall be asserted in the responsive pleading . . . ."

Both immunity defenses should, therefore, have been raised by the defendant in his answer, V.R.C.P. 12(b), and if believed to be sufficient to warrant dismissal of the action, accompanied by a motion for judgment on the pleadings, V.R.C.P. 12(c), or for summary judgment, V.R.C.P. 56. But see 5 C. Wright & A. Miller, *supra*, § 1277. Or, alternatively, if the defendant found the plaintiff's complaint so vague or ambiguous that he could not reasonably be expected to frame an answer, he could have moved for a more definite statement before interposing his answer. V.R.C.P. 12(e).

The face of the plaintiff's complaint clearly complies with V.R.C.P. 8(a) and states a claim for which relief can be granted. Since the motion to dismiss went beyond the face of the complaint, and into matters which should have been raised first by an answer, it was improper. The court erred in granting the motion.

*Reversed and remanded.*