VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-00460



Tyler Burke, as Administrator of the Estate of Deiter Seier
     Plaintiff

v.

June Wilson
     Defendant

### Decision on Defendant's Motion to Dismiss

On June 14, 2022, defendant June Wilson invited Deiter Seier to visit her at the home she shared with her adult son. During the visit, defendant's adult son shot and killed Mr. Seier. In this case, plaintiff (the administrator of the estate of Mr. Seier) alleges that defendant negligently failed to warn Mr. Seier that her adult son owned firearms and had been behaving erratically in the days leading up to the visit, and that this failure was a proximate cause of Mr. Seier's death.

Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted. Such motions are not granted "unless it appears beyond doubt that there exist no circumstances or facts which the plaintiff could prove about the claim made in [their] complaint which would entitle [them] to relief." *Levinsky v. Diamond*, 140 Vt. 595, 600–01 (1982); *Ass'n of Haystack Property Owners, Inc. v. Sprague*, 145 Vt. 443, 446 (1985).

In general, the rule is that a defendant does not owe any duty to protect a plaintiff from harm caused by a third person. Restatement (Second) of Torts § 314. The exceptions to the general rule are that a defendant may be obligated to (1) protect a plaintiff from the harms posed by a third person, (2) warn a plaintiff about the risks posed by a third person, or (3) control the conduct of the third person, if the defendant has a "special relationship" with either the plaintiff or the third person. Restatement (Second) of Torts §§ 314–320; *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 14, 209 Vt. 514; *Kane v. Lamothe*, 2007 VT 91, ¶ 8, 182 Vt. 241; *Knight v. Rower*, 170 Vt. 96, 102–03 (1999); *Poplaski v. Lamphere*, 152 Vt. 251, 256 (1989); *Peck v. Counseling Service of Addison County, Inc.*, 146 Vt. 61, 64–65 (1985). The types of "special relationships" that might give rise to duties of protection include the relationships between common carriers and their passengers, innkeepers and their guests, landlords and their tenants, and business owners and their customers. The types of "special relationships" that might give rise to duties of control include the relationships between parents and their minor children, and custodians and their wards. Restatement (Second) of Torts §§ 314–320. The only "special relationship" that gives rise to a "duty to warn" involves the relationship between mental-health providers and their patients. *Peck*, 146 Vt. at 64–65.

The parties have argued extensively whether any "special relationships" were present in this case. None are established by the allegations set forth in the complaint. For purposes of applying the rules set forth in Restatement (Second) of Torts §§ 314–320, there is no "special relationship" between parents and their adult children, even when a parent provides their adult child with housing, resources, or other financial support. Likewise, although the complaint alleges that the adult son lived at defendant's house, there are no allegations in the complaint establishing that the relationship was akin to a landlord and a tenant.

However, the "special relationships" rules only define the scope of liability in cases "where the peril in which the [defendant] knows that the [plaintiff] is placed is not due to any active force which is under the [defendant's] control." Restatement (Second) of Torts § 314 cmt. d. In other words, the "special relationships" rules identify situations in which defendants owe an affirmative duty to protect a plaintiff, warn a plaintiff, or control the conduct of a third person, even when the defendant has otherwise done nothing to contribute to the risk of harm. For example, if a house resident shoots and kills a person who has randomly visited the house, and this happens without any direct involvement from the homeowner, the homeowner is liable for negligence only if there was a "special relationship" that obligated the homeowner to protect or warn the victim, or control the conduct of the resident, and the homeowner failed to provide the necessary protection, warning, or control. Restatement (Second) of Torts §§ 314–320.

If that same homeowner, however, invites someone to their house, knowing that it is nearly certain that the invitation will result in death due to the criminal conduct of the house resident, the "special relationships" rules do not apply. Instead, the question is whether the homeowner has unreasonably contributed to the risk that the plaintiff will be harmed by the criminal conduct of a third person. Restatement (Second) of Torts § 302B. Liability does not depend upon the relationships between the parties, but rather upon the foreseeability of the harm and the unreasonableness of the homeowner's actions. Restatement (Second) of Torts § 314 cmts. d & e; Restatement (Third) of Torts: Physical & Emotional Harm § 37 cmt. a; F. Harper & P. Kime, *The Duty to Control the Conduct of Another*, 43 Yale L. J. 886 (1934); Dobbs, The Law of Torts §§ 121 & 413–14 (2d ed.).

The tension in this case is that plaintiff's arguments have diverged from the allegations in the complaint. Plaintiff asserted strenuously at oral argument that the homicide was foreseeable, and that defendant affirmatively created an unreasonable risk of harm by inviting Mr. Seier to her home (and by persuading him to stay even after he perceived that the adult son might be dangerous). A review of similar cases makes it very doubtful that such allegations might prove to be meritorious, e.g., *Lenoci v. Leonard*, 2011 VT 47, ¶ 12, 189 Vt. 641 (mem.); *Hurn v. Greenaway*, 293 P.3d 480, 485–86 (Alaska 2013); *Knight v. Merhige*, 133 So.3d 1140, 1150–51 (Fla. Dist. Ct. App. 2014); *Koenig v. London*, 968 N.W.2d 646, 653 (S.D. 2021), but those cases do identify that such a theory might conceivably state a claim under either Restatement (Second) of Torts § 302B or Restatement (Second) of Torts § 321. Both of those sections relate to the question of whether a defendant has unreasonably contributed to the risk that a plaintiff will be harmed by a third person, and neither section depends upon the presence or absence of "special relationships." Both sections depend instead upon the foreseeability of the likelihood of criminal conduct, and the unreasonableness of the defendant's affirmative actions, amongst other factors. These sections capture the arguments that plaintiff has made in response to the motion to dismiss.

However, plaintiff's complaint does not allege that defendant affirmatively created a risk of harm by inviting Mr. Seier to her home. Plaintiff's complaint instead alleges that defendant had "a duty to disclose the past dangerous and unsafe behaviors of which she knew or should have known about her son," and a "duty to disclose the presence of firearms," and that her failure to provide these warnings was a proximate cause of Mr. Seier's death. These are not allegations that defendant unreasonably contributed to the risk that plaintiff would be harmed by a third person, but are rather allegations that defendant failed to protect or warn the victim. The allegations in the complaint are therefore covered by the general rules described above, Restatement (Second) of Torts §§ 314–320, and because there are no "special relationships" in this case, the allegations fail to state a claim upon which relief can be granted.

A dismissal under Rule 12(b)(6) is ordinarily without prejudice, and courts "normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected." 5B Wright & Miller, Federal Practice and Procedure: Civil 4th § 1357. An opportunity to file an amended complaint makes sense in this case, where plaintiff's written and oral arguments have evolved from the allegations set forth in the complaint. For that reason:

(1) Defendant's Motion to Dismiss (Motion #1) is granted; and

(2) Plaintiff may file and serve (under Rule 5) an amended complaint within 30 days of the file-stamped date of this order. If an amended complaint is filed and served, defendant shall file a responsive pleading or motion within the time provided by rule. If no amended complaint is filed within 30 days, the court will issue a final written order of dismissal.

Electronically signed on Tuesday, January 28, 2025 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 01/29/25
Windsor Unit