Stohrer v. Springfield Med. Care Sys., Inc., No. 85-2-11 Wrcv (Hayes, J., Oct. 10, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Windsor Unit | Docket No. 85-2-11 Wrcv |

| | |
|---|---|
| Anne Stohrer, M.C., M.P.H. and William S. Ellis, M.D., Plaintiffs | |
| v. | |
| Springfield Medical Care Systems, Inc., Defendant | |

### Decision on Motion for Partial Dismissal

The defendant has moved for dismissal of part of count VII of the amended complaint filed in this action by the plaintiffs on February 22, 2011. The plaintiffs oppose the dismissal. For the reasons set forth in the discussion below, the motion for partial dismissal is granted.

This action is primarily an employment related claim in which plaintiffs allege that they were retaliated against by the defendant, that their employment/medical privileges were terminated or restricted, and that they were tortiously injured by the defendant because of their whistleblowing actions in reporting what they believed to be repeated, significant violations of applicable professional responsibilities, hospital policies, and state regulations in the provision of patient care and administration of the Springfield Hospital. The complaint includes allegations of violation of the Vermont Whistleblower Act, 21 V.S.A. § 507 et seq. (Count I), breach of contract (Count II), wrongful discharge in violation of public policy (Count III), defamation (Count IV), tortious interference with business relations (Second Count IV), misrepresentation

(Count V), and intentional infliction of emotional distress (count VI). In addition, the complaint includes Count VII, in which the plaintiffs seek injunctive relief related to the Hospital's quality review system. It is Count VII, the request for injunctive relief, that is the subject of the motion to dismiss. In their prayer for relief, the plaintiffs seek specific injunctive relief related to the quality review process as follows:

1. An order that the defendant cease and desist from any further acts of retaliation, and

2. The appointment of a special master to supervise the defendant's compliance with its obligations under 18 V.S.A. § 1915 and/or under 21 V.S.A. § 507 et seq.

The defendant seeks dismissal of the plaintiffs' request that the court appoint a special master to oversee the Hospital's compliance with 18 V.S.A. § 1915. The court concludes that the defendant's objection is proper, and that the court is without legal authority to grant the relief requested; therefore, the portion of the plaintiffs' complaint requesting that relief is dismissed.

Title 18, V.S.A. § 1915 sets forth in general terms Vermont hospitals' obligations related to patient safety, and outlines the topics that the Department of Health should issue rules on, in order to ensure that Vermont hospitals have policies and procedures in place to guard patient safety. Section 1915 is a part of Chapter 43A of Title 18, which is titled "Patient Safety Surveillance and Improvement System." Section 1913 explains that the goal of this chapter is to set forth a process for the Commissioner of the Department of Health to "establish a comprehensive patient safety surveillance and improvement system for the purpose of improving patient safety, eliminating adverse

2

events in Vermont hospitals, and supporting and facilitating quality improvement efforts by hospitals." Section 1914 requires the Commissioner to adopt rules establishing the hospitals' obligations and otherwise implementing the safety system. The Department has adopted such rules, which became effective on January 1, 2008.

Moreover, under Section 1917(a), all information that is provided to the Department and its designees under this chapter is confidential and privileged, exempt from the public access to records law, and "in any civil or administrative action against a provider of professional health services arising out of the matters which are subject to evaluation and review by the department, [all such information is] immune from subpoena or other disclosure and not subject to discovery or introduction into evidence." Section 1918 then gives the Commissioner the authority to enforce the provisions of the act and applicable rules, and to impose sanctions on hospitals who fail to comply with the act. Section 1918 authorizes the Commissioner, after notice and an opportunity for hearing, to impose civil administrative penalties against hospitals that knowingly violate the chapter and/or related rules.

The Department's rules may be found on the Department of Health's website at: http://healthvermont.gov/regs/index.aspx#Anchor-Publi-10628, in the alphabetical list of all rules and regulations under the subject: Patient Safety Surveillance and Improvement System. Rule 4.1 authorizes the Department to conduct regular and routine compliance reviews, and Rule 4.2 authorizes more intensive, focused compliance reviews, in the Commissioner's discretion. Such reviews may be unannounced, and may take place on-site at the hospital. Rule 4.2(5).

Chapter 43A does not establish any private right of action, or any right of public enforcement. However, the plaintiffs argue that they are entitled to seek enforcement of the chapter and related rules under 18 V.S.A. § 122(a), which provides that:

> Any person injured or damaged by a violation of this title, of a rule adopted pursuant thereto. . . or by a public health hazard may bring an action for equitable relief or damages arising from such violation or public health hazard.

The plaintiffs also argue that they are entitled to seek injunctive relief against the defendant, barring the defendant from engaging in further retaliatory action in violation of 21 V.S.A. § 508. The defendant does not disagree. Rather, defendant argues only that the plaintiffs are not entitled to seek private enforcement of the Commissioner's responsibilities to oversee the defendant's compliance with Chapter 43A through a special master to be appointed by this court.

It is indisputable that 18 V.S.A. § 122(a) does establish a private right of action for "any person injured or damaged by a violation" of Title 18, or a related rule. The court concludes, however, that the equitable relief to be awarded cannot logically include the type of remedy sought by the plaintiffs, i.e. the appointment of a special master to supervise or oversee the hospital instead of the Department of Health, which has been assigned that responsibility by law. The plaintiffs seek in effect to act as the guardians of the interests of all of the patients of the defendant hospital. That is not their role, and Title 18 does not authorize them or this court to take on that responsibility. The legislature has assigned the Department of Health the general responsibility to enforce Section 43A and all of the other provisions of Title 18 that are designed to protect the public health. It has created a comprehensive review system

4

and authorized particular enforcement mechanisms. It has also created safeguards to ensure that patient and healthcare provider confidentiality are protected in these administrative proceedings.

A motion to dismiss should not be granted "unless it appears beyond doubt that there exist no circumstances or facts which the plaintiff could prove . . . which would entitle him to relief." *Levinsky v. Diamond*, 140 Vt. 595, 600-601 (1982). Here, the relief the plaintiffs seek in their complaint is far beyond the personal injunctive relief contemplated by Section 122 as part of a private right of action, such as an order barring the defendant from engaging in specific acts directed toward the individual plaintiffs. The court concludes that this particular statute was not "intended to protect plaintiffs with respect to the harm that they allege," at least not by the specific method that they request. *Dalmer v. State*, 174 Vt. 157, 168 (2002). The relief they request would conflict with the obvious legislative goals of providing a confidential administrative procedure, encouraging hospitals to set up policies and procedures for disclosure of problems in patient care, and facilitating the cooperative resolution of such problems. To the extent that the plaintiffs' complaint seeks the appointment of a special master who would step into the shoes of the Commissioner of the Department of Health, and enforce Chapter 43A, that portion of the complaint is dismissed, because such relief is simply not available in an action of this type, and would directly conflict with the legislature's clear intent.

5

Dated at Bennington, this 10th day of October, 2011.

_____
Katherine A. Hayes
Superior Judge