VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00109



| Lemelson WW Permit |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion: 6)
Filer:          Emmanuel and Anjeza Lemelson
Filed Date:     July 31, 2025

Appellants' Opposition to Motion, filed August 29, 2025, by Elizabeth A. Conolly, Esq.

Applicants' Reply in Support of Motion, filed on August 29, 2025, by Emmanuel and Anjeza Lemelson.

**The motion is DENIED**.

In this matter, PBG, LLC, Boulder Spring Farm, LLC, Five Roads Stowe, LLC, and Kevin D'Arcy (together, Appellants) appeal a wastewater system and potable water supply permit issued by the Agency of Natural Resources (ANR) to Emmanuel and Anjeza Lemelson (together, Applicants) regarding property that Applicants own at 484 Edson Hill Road, Stowe, Vermont (the Property). Appellants timely appealed the permit to this Court. Presently before the Court is Applicants' motion to dismiss this matter pursuant to V.R.C.P. 12(b)(1) and 12(b)(6). Appellants oppose the motion.

Prior to addressing the merits of the motion, Applicants request the Court disregard Appellants' opposition to their motion on timeliness and service grounds. Appellants' opposition was timely filed. V.R.C.P. 7(b)(5) sets a 30-day response period for dispositive motions. Applicants' motion is a dispositive motion in that it seeks the Court's disposition of this case by dismissal. Appellants' opposition was filed within that period. Next, Applicants argue that the opposition must be disregarded because the associated certificate of service omits the Town of Stowe's counsel. The Town has not filed a notice of appearance in this matter and has not participated in the appeal thus far. Failure to serve the opposition to a party not before the Court is not grounds to disregard the opposition and the cases cited by Applicants are not relevant to this issue. We turn now to the substance of the motion.

V.R.C.P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. V.R.C.P. 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. A motion for failure to state a claim may not be granted unless it is beyond doubt that there are no facts or circumstances that would entitle the Appellants to relief. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted).[1] We take all well-pleaded factual allegations in the Complaint as true and "assume that the movant's contravening assertions are false." Alger v. Dep't of Labor & Industry, 2006 VT 115, ¶ 12, 181 Vt. 309 (citation omitted).

Applicants argue that this Court lacks jurisdiction over this appeal because Appellants' Statement of Questions is an indirect collateral attack on two final decisions issued by this Court in November 2024 in which the Court upheld a decision of the Town of Stowe (Town) Development Review Board (DRB) granting approval for a 3-lot subdivision of the Property and another DRB decision issuing a conditional use permit to Applicants for the change in use of a chapel on the Property. See In re Lemelson CU Appeal, No. 23-ENV-00098 (Vt. Super. Ct. Envtl. Div. Nov. 1, 2024) (Walsh, J.); In re Lemelson 3-Lot Subdivision Appeal, No. 23-ENV-00097 (Vt. Super. Ct. Envtl. Div. Nov. 1, 2024) (Walsh, J.) [together, hereinafter, the Municipal Decisions]. The Municipal Decisions were not appealed and have since become final and biding on all parties and cannot be collaterally attacked. See 24 V.S.A. § 4472(d); Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989).

Applicants read § 4472 and the finality rule far too broadly. There are many permit regimes in Vermont. A single property or project may trigger the need for multiple different permits from different entities and those permits may, in some respects, be interrelated. The Municipal Decisions only concerned the relevant municipal zoning applications and the application of the Town of Stowe zoning and subdivision regulations. While the Municipal Decisions may have implications for other permits and address the same overall property, they did not adjudicate whether an application for a wastewater permit complied with the Vermont Wastewater System and Potable Water Supply Rules (WW Rules). No such application was before the Court in those matters and the Court could not have, and did not, make any determinations with respect to the WW Rules. The sole issues decided

---

[1] Applicants argue that Appellants' opposition is insufficient because it "misapplies" the relevant Rule 12(b)(6) standard and law by citing to non-Environmental Division cases or cases addressing collateral attacks. Appellants citations correctly apply the relevant standards that the Court applies when analyzing Rule 12(b)(6) motions and the substantive facts of those cases are not relevant to the general standards applied to such motions.

in the Municipal Decisions were Applicants entitlement to a 3-lot subdivision and a conditional use permit for the change in use of the chapel under the applicable zoning regulations.

Here, an application for a wastewater permit pursuant to the WW Rules is before the Court. The Questions ask for adjudication of whether the application complies with those rules. Most of the Questions contain a direct citation to the provision of the WW Rules that Appellants seek review under. Those that do not contain a direct citation to the WW Rules appear to relate to other Questions with such citations. The WW Rules were not at issue in the Municipal Decisions, the applicable zoning regulations and related statutes were. Thus, this appeal is not a collateral attack on the Municipal Decisions.[2]

Next, Applicant argues that Questions related to Lot 1, approved by Lemelson 3-Lot Subdivision, must be dismissed pursuant to Rule 12 (b)(6) because Lot 1 is not the subject of this application. Appellants explain that, through these Questions, they challenge whether Lot 1 should have been excluded from the application pursuant to the WW Rules. While the WW Rules have not been filed with the Court relative to this motion, the Court must accept as true all facts Appellant has pleaded within their Questions and all reasonable inferences derived from them. See Felis v. Downs Rachlin Martin PLLC, 2015 VT 129, ¶ 12. This argument, generally, addresses Appellants' assertion that the application on appeal does not comply with the WW Rules and the Court will not dismiss these Questions at this time.

Further, Applicant argues that Questions 8 through 12 and 16 through 19 are speculative such that they must be dismissed pursuant to Rule 12(b)(6). The Court similarly declines to dismiss these Questions. Rule 12(b)(6) motions are "to test the law of the claim, not the facts which support it." Levinsky v. Diamond, 140 Vt. 595, 600 (1982) (citations and internal quotation omitted). We further note that Appellants burden to state a claim under Vermont's "notice-pleading standard is exceedingly low." Bock v. Bold, 2008 VT 81, ¶ 4, 184 Vt. 575. While Applicants argue that the issues in these questions are speculative, the Court interprets these Questions as seeking adjudication of whether the application and Property use complies with the relevant WW Rules. This is the crux of the issue before the Court and we will not dismiss these Questions at this time.

Finally, in their rely to Appellants' opposition to Applicants' pending motion, Applicants challenge Appellants' standing to appeal the application for lack of participation before ANR. The Court declines to rule upon this issue now because Applicants' raising of this argument is procedurally

---

[2] While no party has made such an assertion, the Court will also not interpret any Question as to allow of arguments that would amount to a collateral attack on the Municipal Decisions.

improper and Appellants have no means by which to respond to the assertion pursuant to the V.R.C.P. The Court does note, however, there are exceptions to the participation requirement in the context of an ANR appeal. See 10 V.S.A. § 8504(B)(i)—(iv). This includes allowing an appeal without participation when ANR did not conduct a public comment period or hold a public hearing. 10 V.S.A. § 8504(B)(ii). The permit before the Court contains no reference to whether a public comment period or public hearing was conducted. See Ex. D. If no such public participation was invited by ANR, then Appellants lack of participation would be irrelevant and contemplated under § 8504(B)(ii).

Thus, for the foregoing reasons, Applicants' motion is **DENIED**.

At a July 28, 2025 motion hearing at which the Court granted Applicants' former lawyer's motion to withdraw as counsel, the Court gave Applicants until September 1, 2025 to either retain new counsel and have said counsel file a notice of appearance in this matter or file a notice of self-representation. On August 26, 2025, Applicants moved to postpone that deadline pending adjudication of their motion to dismiss. The Court now **GRANTS** an extension for this issue. Having denied the motion to dismiss, Applicants are directed to either retain counsel and have such counsel file a notice of appearance on or before October 7, 2025 or, alternatively, file a notice of self-representation on or before the same date.[3]

Electronically signed September 17, 2025 pursuant to V.R.E.F. 9(D).

Tom Walsh

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[3] The Court has a status conference scheduled for September 22, 2025. As of the date of this Entry Order, the Court has received no notice of appearance by counsel or for self-representation. The Court expects one or both of Applicants to attend this remote status conference to discuss the status of this case.